DOLLY SIDES and others v. JOHN NETTLES.

A bequest by testament duly proved and ordered to be executed, is a title translative of property, as much as a donation *inter vivos.* C. C. 3451.

The legatee of a particular object will not be presumed to be cognizant of any defect of title in the testator, but be regarded as a possessor in good faith.

APPEAL from the District Court of East Feliciana, *Johnson,* J.

BULLARD J. The plaintiffs, who are the widow and heirs of James Sides deceased, sue to recover of the defendant a negro woman named Diana, who, they allege, was the property of said James Sides. The defendant, after pleading certain dilatory exceptions not now necessary to be dwelt upon, asserted title to the slave, which he derived from Hiram Powell, who he prays may be cited as warrantor. He afterwards pleaded prescription, under a title derived from Charity Powell, the wife of Hiram Powell; and he alleges, that the said Charity obtained the slave by bequest from Job Keys in his last will and testament, which was duly probated; and he further alleges that Job Keys was in possession as owner, long before his death.

Judgment was rendered in favor of the plaintiffs, and the defendant has appealed.

It is shown that Sides acquired the slave in question by purchase from one Ashford, by public act, in August, 1819, and that he continued to possess her until 1824 or 1825, at which time he left the parish of East Baton Rouge, and Job Keys acted as his agent   Job Keys bequeathed her by his last will to Charity

Powell, from whom she was purchased by the defendant, October 24, 1832; and the citation in this case was served on the 6th of May, 1833. The testament of Keys was probated in June, 1827; and on the 9th of July the slave was inventoried as the property of Keys' estate. More than five years had elapsed from the probate of the will, to the inception of the present suit. If, therefore, the testament and probate form a sufficient title upon which to prescribe, and the defendant can add his possession to that of the legatee, the plea of prescription ought to prevail, at least so far as it concerns the widow in community, that is, for one undivided half.

A bequest by testament duly proved and ordered to be executed, is without doubt a title translative of property, as much as a donation *inter vivos*. The legatee of a particular object is not presumed to be cognizant of the defect of title in the testator, and may be regarded as a possessor in good faith. Civil Code, art. 3451. The legatee sold to the present defendant; and there is no evidence to show that either he, or his vendor, knew that Keys was without title. Although the defendant, therefore, has failed to show any conveyance from Sides to the testator, yet the possession of the legatee added to his own, completes more than five years, during which time the possession of Charity Keys, and the defendant, has been continuous and uninterrupted. It follows that one of the plaintiffs, to wit, the widow, has lost her right to recover, by prescription, while the heirs, who were minors, appear to us entitled to recover one undivided half of the slave and her increase, and of the hire since the institution of this action.

It is therefore ordered and decreed, that the judgment of the District Court be reversed; and it is further adjudged and decreed that as far as it relates to Dolly Keys, the plea of prescription be sustained, and that there be judgment against her, with costs in both courts; but that the other plaintiffs, Susan Shelton and Susan Sides recover of the defendant one undivided half of the slave, Diana and her increase, together with her hire at the rate of five dollars per month since the commencement of this suit, and the

costs in the District Court, those of the appeal to be paid by the appellees.

*Elam*, for the plaintiffs.

*J. P. Bullard*, for the appellant.