### THOMAS S. GRIFFON et al. v. EVARISTE BLANC.

The rule of practice which, in an action of slander of title, imposes on the defendant who reconvenes and sets up title to the property the burden of proof which rests on the plaintiff in a petitory action, applies only to the case where the defendant is out of possession. Where the defendant is himself in actual possession, the plaintiff cannot so change his position by the form of action to which he resorts, as to escape the burden imposed on him by law of establishing his title. In such an action, if the title relied on by defendant is not a valid one, he cannot be permitted to controvert a confirmation of the plaintiff's title by the government, nor to require that the plaintiff's title should be traced from the original claimant to the confirmee.

The universal legatee cannot set up the will of the testator as a just title and make it the basis of the prescription of ten years.

APPEAL from the Tenth District Court of New Orleans, *Strawbridge*, J. *L. Janin*, for plaintiffs and appellants.   *H. A. Bullard*, for defendant.

MERRICK, C. J.   This is an action of jactitation.   The plaintiffs allege that they are the joint owners and possessors of a tract of land in the immediate

GRIFFON
v.
BLANC.

vicinity of the city of New Orleans, having two arpents front on the south side of Canal Carondelet, being bounded on side nearest the city by lands lately belonging to *General Lafayette*, and now to *John Hagan*, and on the opposite side by lands, the title to which is in dispute, and which belong either to the petitioner, *John Moore*, and to the estate of *Theodore Nicolet*, or to *Madame De Pontalba*, and runs between parallel lines to Common street, (then) in the Second Municipality.

The defendant also set up title and averred possession in himself, and pleads prescription. The proof shows that defendant was in possession of the land at one end of the tract, and the plaintiffs are in possession at the other. The Judge of the lower court, after an elaborate examination of the long and complicated lists of titles produced by the parties, found for the defendant, and rendered judgment in his favor, and the plaintiffs appealed.

The first question the parties present for our consideration is, on whom is the burden of proof, whether on plaintiffs or defendant? The plaintiffs cite the cases of *Millaudon* v. *McDonogh*, 18 L. R. 102, and *Caldwell* v. *Hennen*, 5 Rob. 20, to show that the defendant who reconvenes in the action of slander of title is the plaintiff in a petitory action. We think these authorities apply more properly to an action of slander of title purely; one where the defendant is out of possession. But where the defendant is himself actually in possession, the plaintiff cannot be permitted to change his position with the form of action and escape the burden imposed upon him by Art. 44 of the Code of Practice. In order to recover and turn his adversary out of possession, he must establish his title.

Since the pendency of this suit, the defendant's title has received the examination of this court and the Supreme Court of the United States, and been declared invalid. *Lafayette's Heirs* v. *Blanc*, 3 Ann. 59; *Blanc* v. *Lafayette et al.*, 11 Howard, 102. There is nothing in this case which presents defendant's title in a different light from the cases just cited, and that construction must govern us in the present case.

The plaintiffs' confirmation under the government of the United States, cannot be controverted by the defendants, neither are the plaintiffs obliged to trace up their title from the original claimant to the confirmee. *Jourdan* v. *Barrett*, 4 Howard, 169, and *Purvis* v. *Harmanson*, 4 Ann. 422.

The remaining defence and that most insisted upon, is the plea of prescription.

The defendant's possession is shown to have extended back more than ten years prior to the commencement of this suit, and he invokes Article 3442 C. C. as a possessor in good faith. But when we examine his title we find that he holds as universal legatee under the will of *M'lle. Liotaud*, who inherited the pretensions of *Liotaud*, the original grantee of the title set up by the defendant.

The question is therefore presented, whether the universal legatee can set up the will as a just title, and make it the basis of the prescription of ten years. It was held, that a legatee by particular title, could not be presumed to be cognizant of any defect in the title of the testator, and must be regarded as a possessor in good faith. 4 Rob. 170, *Sicles* v. *Nettles*.

But it is evident that there is a material distinction between the legatee by universal title and the heir who holds by particular title. The one takes no greater right than the testator had, whom he represents. He is bound for his

debts and takes the estate with all its defects and burdens. *Succedit in vitia et virtutes.* C. C. 1606, 5 Ann. 200; Trop. No. 495. *Vitia possessionum a majoribus contracta perdurant et successorem auctoris sui culpa comitatur.* C. Const. 11, book 7, p. 32.

The other, the legatee by particular title, by receiving a gift of a particular thing from one who takes upon himself the character of owner, in no manner charges himself with the duties and obligations of his author and can well be supposed to receive in good faith under what appears to him to be a just title. C. C. 1379.

Marcadé enumerates among the just titles, sales, exchanges, donations, constitutions of dower, giving in payment and legacies. As to legacies and donations, he says: "We speak only of legacies or donations by particular title, since, as to successions by universal title, the question cannot be raised. It is known in fact, that these, according to Art. 2235, have always the same possession as their author, in such a manner that in spite of their personal good faith, they are possessors in bad faith, if their author was in bad faith, and *vice versa.* They have no new title." See further Marcadé, 6 vol. p. 194, No. ii, also note 2, just cited.

Article 2235 of the Napoleon Code corresponds with Article 3459 of our Code, which is in these words: "The possessor is allowed to make the sum of possession necessary to prescribe, by adding to his own possession that of his author, in whatever manner he may have succeeded him, whether by an universal or particular, a lucrative or an onerous title."

This article, we think, was intended to convey to the heir or universal legatee only, such possession as his author had, and not to change at once the possession of the author, whether in bad faith or by precarious title, into a possession in good faith in the heir or legatee. C. C. 3404, 3408.

The plea of prescription cannot avail the defendant.

It is therefore ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and that the plaintiffs recover and have possession of said tract of land herein described, and that they be quieted in their ownership and possession of the same, and that the present defendants, the testatrix widow in community, and heirs of said *Evariste Blanc,* deceased, pay the costs of both courts.