JOHN B. STEWART *v.* DANIEL NEWTON, Administrator.

The creditors of an insolvent succession have a right to require that their debts should be paid before property, the recorded title and possession of which was in their debtor at the time of his death, can be recovered by one claiming to be the real owner and producing a *counter-letter* to defeat the apparent title in the succession.

APPEAL from the District Court of Morehouse, *Richardson*, J.
    *S. G. Parsons*, for plaintiff.   *McGuire & Ray*, for defendant and appellant.

SPOFFORD, J.   The object of this suit is to recover from the administrator of the succession of *Joshua H. Pool*, certain lots in the town of Bastrop, parish of Morehouse.   The plaintiff alleges that he was the original owner ; that they were sold under execution against him ; that they were bought in by one *H. Faulk*, for his benefit, the title in *Faulk* being a mere simulation as proved by a counter-letter to the plaintiff, and that afterwards, *Faulk* conveyed his title to *Pool*, who also kept up the simulation, and executed a counter-letter to the plaintiff.   He also avrered, that he advanced the money for both these purchases to the apparent vendees.   The plaintiff had a judgment and the administrator has appealed.

The Sheriff's sale to *Faulk* was in May, 1854, for the price of $100, in the suit of *Pearce* v. *Stewart*.   *Faulk's* sale to *Pool* was in September, 1854, for the nominal price of $499 70, the vendor giving only a quit claim title.   This deed was duly registered in the proper conveyance office.

In December, 1855, *Post* being then in New Orleans, and in bad health, wrote a letter to the plaintiff, and a power of attorney to *M. Todd*, of Bastrop.   The letter states, in the outset, " Inclosed you will find a statement directed to *Colonel Todd*, in relation to *your real estate in Bastrop*, which will act as your security in case of accident."

The letter of attorney to *Mr. Todd* is as follows : " When *John B. Stewart* pays all of the notes which I left in your hands upon the said *Stewart*, he then is entitled to a deed from myself to him of all the real estate lying in the town of Bastrop, consisting of town lots, which I purchased of *Hannibal Faulk*, and I hereby authorize you, after the aforementioned notes are paid, to make the said *Stewart* a title," &c.

*Pool* died in January, 1856, and this suit was brought in May following.

The bill of exceptions taken to the evidence of the contents of a counter-letter from *Faulk* to the plaintiff, alleged to be lost, need not be noticed, as we consider that the written declaration of *Pool* acknowledged the simulation of his title, and bind *Pool* and his representatives to convey the apparent title upon a compliance on the part of *Stewart* with certain specified conditions.

The District Judge decreed the reconveyance absolutely.

But it is pleaded and proved, that if the property be taken out of the succession of *Pool*, in which it was inventoried, that estate will be insolvent.   As the recorded title and possession of the lots were in *Pool*, from September, 1854, until his death in January, 1856, it is obvious that the latent claim of the plaintiff, based upon an avowed simulation, and we fear, indeed, by a de-

sire to secure the property, cannot supersede the claims of creditors who have, since that date, trusted *Pool* on the faith of his being owner of this property. The title set up by the plaintiff under this alleged counter-letter, is expressly subordinated by law to the rights of purchasers from, and creditors of, his simulated vendee. "Counter-letters can have no effect against creditors, or *bona fide* purchasers; they are valid as to all others." C. C. 2236.

It is not surprising when we examine the reports of adjudged cases, that simulation should carry with it a suspicion of fraud. And while parties to a simulated contract may be compelled, *inter se*, to treat it as a nullity, upon the production of a counter-letter which binds one of them to do so, still the law is careful to guard the interest of third persons against any injury from such a dissolution of an apparent title. Had it failed to do so, public confidence would have been destroyed, and judicial credit paralysed. If a private counter-letter could, at any time and as to all the world, defeat the most formal title in the archives of the Recorder's office, their authentic acts would be mockeries, and registry offices become pitfalls for the unwary. Creditors of *Pool*, since his apparent acquisition of the property sued for, who may have trusted him in consideration of it, are entitled to be paid out of it, if the balance of his estate is insufficient to pay them. It does not appear what their numbers and the amounts of their claims are. But it would seem that a reservation in their favor should have been made, which the District Judge omitted to make.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed. And it is now ordered, that the property sued for be declared liable to satisfy the debts of *John H. Pool*, contracted since the 1st of September, 1854, after the other property of the succession is exhausted; and that the defendant, administrator of the succession of *J. H. Pool*, be ordered to file immediately a settlement of such debts, and of the other assets of the succession, to be homologated contradictorily between the plaintiff and the administrator, or parties in interest. And it is further ordered, adjudged and decreed, that so much of the property sued for as may, upon the homologation of the statement and account aforesaid, be found necessary to satisfy the just claims of the creditors of *J. H. Pool* thereupon, be sold for that purpose; and that the balance of said property, if any, be reconveyed by the administrator of the said succession to the plaintiff. And it is ordered, that the cause be remanded for the purposes aforesaid; the costs of this appeal to be borne by the plaintiff and appellee, and the costs of the District Court to abide the issue of the investigation into the accounts and claims for which the property is herein declared liable.