WILLIAM LONG *v.* JOSEPH T. ROBINSON et al.

Damages cannot be allowed for a frivolous appeal, when there is no moneyed judgment upon which they might be assessed.

APPEAL from the District Court of the Parish of DeSoto, *Creswell*, J.

*W. Long, in per pro.,* for plaintiff and appellant.   *J. B. Elam,* for defendant.

BUCHANAN, J.   This is a suit instituted in July, 1857, to annul a compromise dated the 25th May, 1849, which has already been twice before this court, viz, in 1850, 5 An. 627 ; and in 1856, not reported.

The compromise was by notarial act, and the parties to it were *William Long* and *Joseph T. Robinson,* residents of the parish of DeSoto, who declared, that

" whereas a suit in which said *Long* is plaintiff and said *Robinson and others* are defendants, is now pending in the District Court of DeSoto parish, and numbered on the docket of the said court 199, they do, by this act and in presence of their respective attorneys, make and agree to the following compromise of said suit : In consideration of said compromise, the said *Robinson* agrees to pay to the said *Long* three thousand dollars, payable as follows, to wit, one thousand dollars by a draft at sight, on the house of *John Toole*, merchant in New Orleans ; one thousand dollars on the same house, payable on the first day of January next ; and one thousand dollars on the same house, payable the first day of March next. On the payment of the said drafts, the said *Long* agrees that a final judgment shall be entered up in favor of the said defendants in said suit, &c.   It is distinctly understood and agreed to by said parties, that in the event the drafts should not be paid as specified, then, and in that case, this compromise is to be null and of no effect, and that neither of the parties shall be in the least compromitted by this act or by any concessions therein contained."

The ground upon which the plaintiff bases this suit to annul this compromise is, that on the 1st of September, 1856, the three drafts in question were presented by a notary to the drawee and payment refused.   By means whereof, plaintiff alleges that the resolutory condition of the contract of compromise has taken place.

The defendant answers by a general denial ; plea of *res judicata* and plea of real tender and deposit.   The plea of *res judicata* is founded upon two judgments of the District and Supreme Courts, above alluded to, rendered upon as many actions of nullity for error, fraud and lesion, alleged by plaintiff against defendant in relation to this compromise ; in both which actions there was judgment of both courts against plaintiff.   The judgment of the District Court in the last of those two actions, rendered the 17th of March, 1855 (and affirmed in general terms by this court, August 11th, 1856), reserved to plaintiff the right to demand of defendant, *Robinson*, the amount of the three drafts described in the act of compromise.

The next month after that judgment was affirmed, which was six years and a half after the last of the three drafts had matured, they were for the first time presented for payment at the counting-house of the drawee in New Orleans, who, as the evidence shows, had then been dead for three years.   Of course, they were not honored.   But the drawer of the drafts, the defendant, *Robinson*, made a tender to the plaintiff, on the 20th October, 1856, of the amount of the drafts, with legal interest from the date of the judgment of the District Court, in gold and silver, in the presence of two witnesses, which *Long* having refused, the amount was deposited to his credit, by *Robinson*, in the Bank of Orleans, on the 19th of November, 1856.   Eight months afterwards this suit is brought.

It appears to us that the defendant must prevail, upon two of his three grounds of defence.

The allegation of the petition that defendant had violated the condition of the compromise is not sustained by the evidence.   It was the business of the plaintiff, holder of the drafts, to present them to the drawee for acceptance and payment, which he never did.   On the general issue, the action must therefore fail.

But the most complete answer to this suit, is the real tender.   The defendant has done more than he was bound to do, under the judgment of the 17th March, 1855.   Instead of waiting, as he might have done, until plaintiff demanded of him the amount of the drafts, he went to plaintiff and proffered payment.

We do not allow the defendant and appellee damages as prayed for by him, because there is no moneyed judgment against plaintiff upon which to assess damages under Article 907 of the Code of Practice.

Judgment affirmed, with costs.