## R. W. McRae *v.* His Creditors.

A creditor who has a privilege on property surrendered by an insolvent to his creditors, has a right to obtain an order for the sale of the property for cash, to satisfy his debt, but the proceeds of the sale are to be distributed upon a tableau filed and homologated.

APPEAL from the District Court of the Parish of Pointe Coupeé. *Ratliff*, J., presiding. *A. Prevosty* and *Clark & Bayne*, for appellant. *Brewer, Collins & Leach*, and *E. Phillips*, for appellees.

BUCHANAN, J. *Thompson, Hieronymus & Co.*, creditors upon the schedule of the insolvent, voted at the meeting of creditors for the sale, for cash, of certain mules surrenderd by the insolvent, and upon which said *Thompson, Hieronymus & Co.* claimed the vendor's privilege.

This meeting of creditors was held on the 17th of April, 1858. On the 8th of June, 1858, a rule was taken, by *Thompson, Hieronymus & Co.*, on the syndic to sell the mules for cash. The syndic answered this rule by declaring that he did not know whether the mules sold by the movers to the insolvent were in his, the syndic's, possession; and that he had been informed that the insolvent had disposed of many, if not all of them, before his surrender of property. There are other matters pleaded in the answer to the rule, which do not require notice.

Upon the issue thus joined, it was proved that the movers had sold to the insolvent, before his failure, fifteen mules, of which the price is unpaid; and that twelve of the said mules are now on the plantation surrendered by the insolvent, and in the possession of the syndic.

The District Court made the rule absolute, and the syndic appealed.

There was no error in the judgment of the District Court, ordering the twelve mules to be sold; and the rights of the other creditors are sufficiently protected by that decree, which, while it recognizes the vendor's privilege, directs that the debt be paid by the syndic, *in due course of administration.* This can have no other meaning than that the proceeds of sale are to be distributed, upon a tableau filed and homologated.

There can be no question of the obligation of a syndic to sell, with all practicable expedition, according to the terms fixed by the meeting of creditors, the property surrendered by the insolvent.

The appellees have filed an answer to the appeal, asking for damages for a frivolous appeal.

As the judgment appealed from was not a money judgment against the appellant, the Article 907 of the Code of Practice cannot be well applied. *Long* v. *Robinson*, 13th An. 467. Besides, to mulct the syndic, appellant, in his representative capacity for a frivolous appeal, would either inflict a penalty upon innocent parties, (the mass of the creditors represented by the syndic,) or would be making a new party to the appeal, namely, *Auguste Provosty*, personally, which we do not feel at liberty to do.

Judgment affirmed, with costs.