# No. 9902.

## S. F. SPENCER, ADM., ET AL. VS. A. C. LEWIS, ADM., ET AL.

Since the amendment to article 2239 C. C., forced heirs are not restricted in their right to annul simulated contracts of those from whom they inherit by parol evidence, to their legitime. The right of action in such case is now unlimited.

Such an action is not barred by the prescription of one, five or even ten years.

Where a party dies holding property under a simulated title, and devises his estate to a universal legatee, such universal legatee succeeds to the testator's rights with their defects and is charged with his author's defects, infirmities and bad faith.

APPEAL from the Tenth District Court, Parish of Red River. *Hall,* J.

___

*Sam'l A. Hall* for Plaintiffs and Appellees.

*J. H. Pierson* for Defendants and Appellants.

___

The opinion of the Court was delivered by

TODD, J.    Plaintiffs, as the legal representatives of W. B. Stewart, sue to recover the lands described in the petition, and to have declared simulated a conveyance of these lands from Stewart to Isaac A. Caldwell, and to avoid the testamentary devises of the lands by Caldwell to his wife and by her to one J. C. Hunter, whose succession is one of the defendants represented by an administrator.

There was judgment in favor of the plaintiffs and defendant appealed.

The defenses urged to the action, besides the general issue, are:

1st.    An exception of no cause of action; next, the prescription of one, five and ten years.

The cause of action is so distinct and clear that it is really unnecessary to discuss the exception.    Counsel in filing it could only have had in mind the question of the inability forced heirs to recover, in the ab-

sence of a counter letter, property conveyed by their ancestor through a simulated sale, or rather to establish such simulation by parol evidence, beyond their legitime. Such contention is, of course, without force since the amendment of article 2239, C. C., was passed. That amendment is in the following words:

"But forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitime."

The evidence leaves no doubt respecting the simulation charged.

Stewart, after the sale, remained in possession of the property, and received its revenues and sold portions of it with the knowledge of Caldwell. It was a sale *omnium bonorum* and both Caldwell and his wife, to whom it was conveyed by will, always recognized Stewart's ownership of the property.

The simulation seems really not to be seriously controverted.

The prescription of one year does not apply to an action of this character. It is one in declaration of simulation. This prescription only relates to the action of nullity directed against a real but fraudulent contract.

Just as little applicable is the prescription of five years.

There has been no argument, oral or printed, in behalf of the defendants to enlighten us on this subject. This plea of the prescription of five years, suggest the idea that counsel might have regarded this action as one attacking the wills of the Caldwells, by which this property purports to have been transmitted. It is not an action to cancel a will, nor can the prescription be invoked to cure an absolute nullity in the titles of the testators to the property. 13 Ann. 574; 25 Ann. 98.

Nor will the prescription of ten years avail the defendants. This plea is filed in behalf of the universal legatee under the will of Mrs. Caldwell.

It is fully settled that a universal legatee succeeds to the testator's rights with their defects, *succedit in vitia et virtutes*, and is charged with his author's defects, infirmities and bad faith. Griffin vs. Blanc, 12 Ann. 5; Gaines vs. City, 6 Wall. 642; 12 R. 553; C. C. 3493.

This disposes of all the issues in the case. They were properly decided in favor of the plaintiffs.

Judgment affirmed.