## No. 9167.
### Orleans Appeal.

## MANUEL BORNIO ET AL. v. OTTO BERGER ET AL., Appellants.

(January 19, 1925, Opinion and Decree.)
(February 2, 1925, Rehearing Refused.)
(March 2, 1925, Decree of Supreme Court Writ of Certiorari and Review Granted.)
(Reported in Supreme Court decision, 158 La. 915, 105 South. 11.)

### (Syllabus by the Court.)

1. **Louisiana Digest, Prescription, Par. 20, 22, 35.**
In order to acquire immovables by the prescription of ten or thirty years corporeal possession as owner is essential.
(Civil Code, Art. 3487—Editor's Note.)

2. **Louisiana Digest, Tenancy in Common and Joint Proprietorship, Par. 2, 3.**
One joint owner in possession of the whole cannot prescribe against his co-proprietors.

3. **Louisiana Digest, Donations, Par. 263.**
A universal legatee succeeds to the testator's rights with all the defects and infirmities of the testator's title.
(Civil Code, Art. 1611—Editor's Note.)

4. **Louisiana Digest, Acts, Par. 22, 46.**
A counter letter is valid against all persons except creditors and purchasers.
(Civil Code, Art. 2239—Editor's Note.)

5. **Louisiana Digest, Sales, Par. 207; Mortgages, Par. 37, 44.**
Neither a party to a contract nor his heirs can take advantage of the failure to record it.
(Civil Code, Art. 3344—Editor's Note.)

6. **Louisiana Digest, Appeal, Par. 512.**
Damages for a frivolous appeal will not be allowed on other than money judgments.

Appeal from Civil District Court, Hon. E. K. Skinner, Judge.

This is a partition suit. Judgment for plaintiffs. Defendants appealed.

Judgment affirmed.

R. A. Tichenor, R. Lyons, attorneys for plaintiff and appellee.

Paul A. Sompayrac, attorney for defendant and appellant.

CLAIBORNE, J. This is a partition suit.

In 1892 Peter St. Amand and four others formed an association to purchase certain lots of ground in the square bounded by Customhouse, Bienville, Dorgenois and Rocheblave Streets. They purchased the lots from Fergus Kernan by an act before R. P. Upton, Notary, dated May 30, 1892. To suit their own purposes the sale was made to Peter St. Amand alone. By a counter letter dated June 20, 1893, St. Amand acknowledged that the purchase was made for himself, Manuel Bornio, Sr., Manuel Bornio, Jr., Marcus K. Bitterman, and Thomas J. Raymond in the proportion of one-fifth each. They sold a part of said lots to the Rocheblave Market Company and to several others and the proceeds of sale were divided among all the co-proprietors. Of all those lots, there remains only a small portion, which is now the object of this suit.

Peter St. Amand died in 1897; his succession was opened and his widow was recognized as his universal legatee and as such put in possession of all his property.

Widow St. Amand died about the year 1917, leaving as heirs Otto Berger and two grand-children, Charlotte and Peter Young.

Three of the original owners and others sue Otto Berger and others for a partition of the remaining lot.

Otto Berger denies that the plaintiffs have any title to the property, and avers that he for one-half and Charlotte and Peter Young for one-fourth each are the only owners of the property for having inherited the same from their mother and grandmother, Widow Peter St. Amand. They plead the prescription of 5, 10, 20 and 30 years.

There was judgment in favor of the petitioners and defendant Berger has appealed.

In this court the plaintiff has asked for damages for a frivolous appeal.

1st. We know of no law by which the ownership of immovables may be acquired by the prescription of five or twenty years. C. C. 3474-3475.

2nd. In order to acquire immovables by the prescription of ten or thirty years corporeal possession as owner is essential. C. C. 3487 (3453); Wilson vs. Marshall, 10 La. Ann. 327; Dodeman vs. Barrow, 11 La. Ann. 87; M. M. A. Lane vs. R. S. Cameron and Morris Kraft vs. M. F. Machen, 37 La. Ann. 250; Chamberlain vs. Abadie, 48 La. Ann. 587, 19 South. 574; Simon vs. Richard, 42 La. Ann. 841, 8 South. 629; Clemens vs. Meyer, 44 La. Ann. 390, 10 South. 797; Prescott vs. Payne, 44 La. Ann. 658, 11 South. 140; In re Lockhart, 109 La. 748, 33 South. 753; George vs. Cole, 109 La. 817, 33 South. 784; Ramos Lumber & Mfg. Co. vs. Sanders, 117 La. 616, 42 South. 158; Randolph vs. Laysard, 36 La. Ann. 405.

"Possession is one of the essential elements of the ten years' prescription, and where the evidence does not show that either the defendants or the authors of their title were in possession for ten years prior to the filing of the suit, this prescription cannot avail them." Castera's Heirs vs. New Orleans Land Co., 125 La. 877, 51 South. 1021.

There is no testimony whatever showing possession of that lot in Otto Berger or in his mother, Widow St. Amand. On the contrary, Manuel Bornio, Jr., swears that he was the manager of all that property for the association; that he built upon the particular lot in question for account of all the co-proprietors; that he collected rent from the improvements and distributed them among the several co-proprietors during the life of St. Amand and up to the filing of this suit.

But even had Widow St. Amand possession of the properties it was only as joint owner for one-fifth which she inherited from her husband.

One joint owner in possession holds, not as owner of the whole, but only of a fraction, and therefore cannot prescribe for the whole against his co-proprietors. Simon vs. Richard, 42 La. Ann. 842-846, 8 South. 629; Liles vs. Pitts, 145 La. 651-660, 82 South. 735.

Peter St. Amand owned only one-fifth, and he could donate to his wife no more.

"It is fully settled that a universal legatee succeeds to the testator's rights with their defects, *succedit in vitia et virtutes*, and is charged with his author's defects, infirmities and bad faith." Griffon vs. Blanc, 12 La. Ann. 5; Ripoll vs. Morina, 12 Rob. 553; C. C. 3493; Spences vs. Lewis, 39 La. Ann. 316, 1 South. 671; Stewart vs. Newton, 12 La. Ann. 622.

It was not necessary to record the counter letter as far as Widow St. Amand was concerned.

C. C. 2239 (2236): "Counter letters can have no effect against creditors, or bona fide purchasers; they are valid as to all others."

Widow St. Amand was neither a creditor nor a purchaser.

A recordation is to protect a third person.

A party to a contract cannot take advantage of the failure to record it.

Art. C. C. 3344 (3316) reads as follows:

"Consequently neither the contracting parties nor their heirs, nor those who were witnesses to the Act by which the mortgage was stipulated, can take advantage of the non-inscription of the mortgage."

Registry is not necessary as between the parties. A. C. Roberts vs. Hyde & Mackie, 15 La. Ann. 51; Thompson vs. Comeau, 23 La. Ann. 555.

The title and heirship of plaintiffs is established.

But the law will not allow damages for "frivolous appeal except in an appeal from a money judgment." C. P. 907; Mayer vs. Melancon, No. 7950 Ct. App.; Girouard vs. Broussard, 28 La. Ann. 626; Arrowsmith vs. Rappelge, 19 La. Ann. 327; Long vs. Robinson, 13 La. Ann. 465; McRae vs. His Creditors, 14 La. Ann. 229; Succession of Lavergne, 129 La. 120, 55 South. 734.

It is therefore ordered that the judgment be affirmed.