No. 2712

Second Circuit

___

HOWELL v. ·NOAH

___

(Dec. 11, 1926.  Opinion and Decree.)
(June 28, 1927.  Rehearing Refused.)

___

*(Syllabus by the Court.)*

1.  Louisiana  Digest—Donations—Par.  263
    Prescription—Par. 35.

A bequest actually describing the property bequeathed, under a testament duly probated and ordered executed, constitutes a true and valid title to the property bequeathed, and ten years' possession as owner under such instrument constitutes a perfect title good against all the world under the prescription of ten years.

C.  C.  3478; Sides vs. Nettles, 4 Rob. 170; Griffon vs. Blanc., 12 La. Ann. 6.

Appeal from the Third Judicial District Court of Louisiana, Parish of Jackson. Hon. S. D. Pearce, Judge.

Action by E. E. Howell, et al against Mrs. Rush Noah.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Goff & Barnette, of Shreveport, attorneys for plaintiffs, appellants.

Wm. J. Hammon, of Shreveport, attorney for defendant, appellee.

STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff claims title to 308 acres of land situated in Jackson parish, Louisiana, described as the E½ of SE¼ of Section 19, less twelve acres off

the west side; and the W½ of SW¼; SE¼ of SW¼; and N½ of SE¼ of Section 20; all in Township 17 North, Range 3 West; and that defendant is in possession of the same as a trespasser.

They allege that S. A. Eiland, Mollie Eiland and A. H. Eiland were the sole and only heirs of Elam Eiland and his wife, Mrs. T. C. Eiland, and that they inherited from their said parents at the time of their death the land in dispute in this case.

That A. H. Eiland died in the year 1914 intestate and without issue and that they inherited his undivided one-third interest in the lands in controversy in the proportions of one-half to S. A. Eiland and the other half jointly by the other plaintiffs.

Defendant claims to have inherited the land from her mother, Mrs. G. E. Eiland, wife of A. H. Eiland, and that her mother inherited the land by the last will and testament of A. H. Eiland, and that A. H. Eiland an undivided third by inheritance from his father and mother and an undivided two-thirds by purchase from her brother and sister, S. A. Eiland and Mrs. Mollie Eiland Finley.

Defendant also filed in support of her title a plea of ten years' prescription.

On these issues the case was tried and there was judgment sustaining defendant's title to the property in dispute under the plea of ten years' prescription. Plaintiffs have appealed.

## OPINION

Defendant in this case relied with great confidence on what she says is a deed from S. A. Eiland and M. S. Finley and husband, W. M. Finley, to A. H. Eiland, executed under what she contends was a power of attorney to B. F. Smith.

Plaintiffs contend with equal confidence that said pretended deed and pretended power of attorney are entirely insufficient to constitute a transfer of real estate.

We have not found it necessary to pass on that question, for the reason that we find in the evidence the last will and testament of A. H. Eiland reading as follows:

"Will of A. H. Eiland

"I, A. H. Eiland, of Jackson parish, State of Louisiana, being in sound mind and understanding and wishing to make disposition of my property in prospect of my death, do make this my last will and testament. To my wife, Griezzee E. Eiland, 308 acres of land situated in Jackson parish, Louisiana, known as the E½ of SE less 12 a on W side Sec. 19 W½ of SW SE of SW S2 of SE NE of SE Sec. 20 T. 17 R. 3 W.

"This will has been entirely written, dated and signed by me on this the 14th day of April, 1914.

"Attest:                A. H. Eiland.
"William Grigsby.
"E. Blume, M. D.
"J. J. Causey, Jr.
"P. W. Grigsby.
"M. V. Grigsby."

This will was duly probated before the District Judge of Jackson parish, Louisiana, Cas Moss, on November 11, 1914, and, on the same day, the following order was signed by him:

"ORDER

"Considering the above and foregoing it is ordered that Mrs. G. E. Ehland, widow of A. H. Eiland, deceased, be confirmed as universal legatee of all the property mentioned in the will of the said A. H. Eiland, deceased; and that she be, and is hereby recognized as owner of all the real estate referred to in the petition and will attached thereto; and that she be sent into full possession of same.

"Thus done, read and signed in open court on this, the 11th day of November. A. D. 1914. Cas Moss.

Judge of Fifth District Court."

This will and the ordering it executed were filed for record on November 11, 1914, and duly recorded in conveyance record R at pages 653 and 654 of the records of Jackson parish, Louisiana, on November 11, 1914.

Under the evidence it appears clearly established that defendant, Mrs. Rush Noah, and her authors in title, Mrs. Griezzee E. Eiland, had actual possession as owner of the land in dispute for more than ten years prior to the filing of this suit under recorded title translative of property.

Under the authority of Sides vs. Nettles, 7 Robinson 170, and Griffon vs. Blanc, 12 La. Ann. 6, the defendant acquired title to the land in controversy by ten years' prescription good against all the world.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed.

---

## ON REHEARING

WEBB, J. This is a petitory action in which the plaintiffs, S. A. Eiland, and E. E. Howell, Mrs. Ola C. Hankins, Mrs. M. F. Cason, and T. C. Finley, seek to obtain judgment against defendant, Mrs. Rush Noah, recognizing them as the owners and placing them in possession of certain lands situated in Jackson parish, Louisiana, and they appeal from a judgment rejecting their demands.

## OPINION

The plaintiffs alleged that the property had originally belonged to Elam Eiland and his wife, T. C. Eiland, and at their death it was transmitted to their children and heirs, S. A. Eiland, one of the plaintiffs, and M. S. Eiland, represented herein by her children, E. E. Howell, O. C. Hankins, M. F. Cason and T. C. Finley, and A. H. Eiland, and on the death of A. H. Eiland his interest vested in E. A. Eiland and the children of M. S. Eiland.

Defendant, in her answer, denied the allegations of plaintiffs' petition and in her main defense apparently stood upon her possession, but in the alternative she alleged that if S. A. Eiland and M. S. Eiland had any interest in the property, they had sold to A. H. Eiland and the property had been acquired by defendant from A. H. Eiland.

When the cause was called for trial, however, it was admitted that S. A. Eiland, Mollie Eiland and A. H. Eiland were the children and heirs of Elam Eiland and his wife, T. C. Eiland, and that the property had belonged to the latter at the time of their death and that E. E. Howell, O. C. Hankins, M. F. Cason, and T. C. Finley were the children of M. S. Eiland, and the pleadings having admitted the death of A. H. Eiland, the defendant took the initiative to establish her defense, that is, that S. A. Eiland and M. S. Eiland had transferred their interest in the property to A. H. Eiland and that defendant had acquired through A. H. Eiland.

On trial defendant exhibited and introduced in evidence, over the plaintiffs' objection, the following documents which we designate as Nos. 1 and 2, which read as follows:

· No. 1

"State of Louisiana,
"Parish of Jackson. Know all men by these presents that I, Benjamin F. Smith, a resident of the above named parish and state, acting under power of attorney for A. H. Eiland, M. S. Finley, (Nee M. S.

Eiland) and S. A. Eiland, W. M. Finley, husband of M. S. Eiland, as heirs of T. C. Eiland, deceased, for and in consideration of the sum of six hundred and thirty dollars, at two dollars per acre, my undivided interest in the estate of T. C. Eiland, deceased, the following tract or parcel of land being and lying in the parish and state aforesaid, to wit:

"38 acres in E. part of SE¼, Section 19, 80 acres W½ of SW¼, Section 20, 40 acres in SE¼ of SW¼, Section 20, 40 acres in the SW¼ of SE¼, Section 20, 80 acres in the East half of the East quarter of Section 20, 40 acres in the North E. quarter of the North East half of Section 29, all in Township 17 North of Range 3 West, containing three hundred and eighteen acres, more or less, to have and to hold the above described lands with all the improvements and appurtenances thereto belonging or otherwise appertaining unto said purchaser, his heirs and assigns, to their proper use and behalf, forever, hereby warranting and defending the same against all lawful claim or claims of ourselves and of our heirs and assigns. This done and signed in the presence of S. H. Clinton and Luther Barnes of lawful age and domiciliated.

                    "B. F. Smith, Atty.
                    "A. H. Eiland.
"Attest:
"S. H. Clinton.
"Luther Barnes, Jr.
        "This 17th day of June, 1897

### No. 2

"State of Louisiana,
"Parish of Jackson. Know all men by these presents that we, the undersigned, A. H. Eiland, Mary S. Eiland, nee Mary S. Finley, and S. A. Eiland, now a resident of Gregg county, Texas, B. F. Smith, acting as Mrs. Finley, and S. A. Eiley as their attorney in fact heirs of Mrs. Eiland, deceased, we the said heirs have this day agreed to divide the property equally between each heir the amount of $1205.50 with the expenses of all the burial deducted. We also agree to give the said A. H. Eiland a title to all the

land attached to the home place.
"Attest:
"B. F. Smith.
                    A. H. Eiland.
                    M. S. Finley.
                    S. A. Eiland.
                    W. M. Finley.
"Sept. the 23rd, 1895.

The defendant further introduced in evidence, over the objection of plaintiffs, the probate proceedings in the successions of A. H. Eiland and his wife, G. E. Eiland, mother of defendant, Mrs. Rush Noah.

S. H. Clinton, one of the subscribing witnesses to document No. 1 was called and, over the objection of plaintiffs, was permitted to testify that he witnessed the signatures of the parties to document No. 1 and that it was intended to convey the property to A. H. Eiland and that A. H. Eiland was living on the property at the time of the death of T. C. Eiland, his mother, and at the time the document was signed and had continued to reside thereon until his death in 1914; and he also testified that Mrs. T. C. Eiland did not own any other property than the home place; and it was admitted that B. F. Smith was dead.

E. E. Howell, one of the plaintiffs, was called on cross-examination and testified that all of the plaintiffs were above the age of thirty-one years at the time of the suit, and defendant filed a plea of prescription of ten years.

While the plaintiff objected to the introduction of the probate proceedings in the succession of A. H. Eiland and his wife, G. E. Eiland, under which the interest of A. H. Eiland in the property in controversy was transmitted to G. E. Eiland, legatee, and passed at her death to Mrs. Rush Noah, defendant, the objections are not pressed here and plaintiffs have confined their argument for

the reversal of the judgment to the following grounds:

First: That the documents, Nos. 1 and 2, were not admissible in evidence for the reason that the signatures were not proven and that therefore there was not any evidence in the record showing that S. A. Eiland and M. S. Eiland had been divested of their interest in the property admitted to have been acquired by them from their parents.

Second: That if the documents were properly admitted in evidence, they do not show that the interest of S. A. Eiland and Mrs. Eiland was transferred to A. H. Eiland or any one else.

I.

We find that the testimony of S. H. Clinton, one of the subscribing witnesses to document No. 1, sufficiently proves the signatures of the parties to that instrument, and conceding that document No. 2 was not properly admitted, document No. 1 is more than twenty years old and in default of proof to the contrary it is presumed that the person appearing as their agent was authorized. (Delabigarre vs. Second Municipality, 8 La. Ann. 239; also Bowers vs. Langston, 156 La. 188, and authorities cited). And, besides, we do not think that if document No. 2 be considered it would be possible to say that it evidenced a power of attorney by S. A. Eiland and Mrs. M. S. Eiland (nee Finley) to B. F. Smith to transfer or convey any property or interest owned by them to any one, which seems to have been the purpose for which it was offered. Neither do we think it could be said to evidence a promise of sale, as no price is mentioned and the evidence indicates inferentially only that the lands described in document No. 1 were the same as or a part of the home place.

II.

Document No. 1, considered as an act evidencing a transfer of the property mentioned therein (which is not altogether the same as that claimed by plaintiffs and admitted to have belonged at one time to Elam Eiland and his wife, T. C. Eiland), is admittedly very vague and uncertain, but we do not think that the testimony of the subscribing witness, S. H. Clinton, that it was the intention of the parties to convey the property to A. H. Eiland should have been admitted.

A. H. Eiland was well known and did not need to be identified, and the evidence that he was the vendee was not admissible under the provisions of Articles 2275 and 2276 of the Code, and the only evidence which we think can be considered in determining whether or not the property described in the instrument was conveyed to A. H. Eiland is the instrument itself, and the fact that A. H. Eiland was in possession of the property.

As to the possession of A. H. Eiland, however, the evidence shows that he was residing on the property at the time of the death of his mother, and the fact that he continued to reside thereon does not furnish much aid in construing the instrument, which does not contain any operative words of transfer, neither does it state any price unless we may assume that the price was two-thirds of the value fixed for the total interest.

While the law requires that the transfer of immovable property must be in writing, it does not provide for any specific form when the transfer is made under an act of sale, but it is clear that the intention to transfer must be clearly shown by the words used which must also show that the intention has been carried into effect, and the vendor as well as the ven-

dee must be designated in such manner that they at least may be identified.

It has been said that if in any part of an instrument apt words of conveyance are used, the instrument will be construed as such; but it is also true that if such words are not used the instrument will not be given effect. (Hummelman vs. Mounts, 87 Ind. 178; also Webb vs. Mullins, 78 Ala. 111; Sharp vs. Bailey, 14 Iowa 387); but we do not find that there is any word used in the instrument in question which shows the property was conveyed to any certain person, nor does it appear that a price was fixed or paid by any one, and the only evidence indicating that A. H. Eiland acquired the property is the equivocal fact that he remained in possession.

The law certainly requires some degree of certainty in instruments purporting to convey immovable property, and we are of the opinion that in order to construe the instruments exhibited by defendant as evidencing a sale or conveyance of the interest in the property admitted at one time to have belonged to S. A. Eiland and M. S. Eiland requires a liberality of construction, if not an interpolation of words, that the law, which requires that conveyances of such property shall be in writing, does not authorize.

There is no basis for the plea of prescription; the possession of G. E. Eiland and Rush Noah · had not continued for ten years after the death of A. H. Eiland until the date of the suit, and the instruments being held to be too vague to be considered, were not, of course, translative of property · and could not be the basis of prescription of ten years.

As previously stated, the plaintiffs not urging their objections to the introduction of the probate proceedings, and finding that such proceedings show on their face that Rush Noah acquired the interest of A. H. Eiland in the property, plaintiffs' suit, as to such interest, cannot be maintained.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and set aside, and that plaintiffs, S. A. Eiland and E. E. Howell, O. C. Hankins, M. F. Cason and T. C. Finley, have and recover judgment against defendant, Rush Noah, recognizing them as the owners of an undivided two-thirds interest in the East half of the Southeast quarter of Section nineteen, less twelve acres off of the west side, and West half of the Southwest quarter, Southeast quarter of Southwest quarter, South half of Southeast quarter, and Northeast quarter of the Southeast quarter of Section twenty Township seventeen North Range three West of Jackson parish, Louisiana, the proportions of one-third to S. A. Eiland and one-third to E. E. Howell, O. C. Hankins, M. F. Cason and T. C. Finley, and that they be placed in possession thereof.

It is further ordered, adjudged and decreed that defendant pay all costs.