M'MANUS'S
SYNDIC
vs.
JEWETT.

M'MANUS'S SYNDIC *vs.* JEWETT.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

In an action by the syndic of creditors to annul certain sales made by the absconding debtor, on the ground of fraud, it is not sufficient that the insolvent debtor and a person acting as the common friend of both parties, were guilty of fraud and simulation, to enable the plaintiffs to succeed, if it appears the purchaser acted fairly and honestly.

This is an action instituted by the syndic of the creditors of Francis M'Manus to annul the sales of certain property made by the insolvent, M'Manus, to the defendant, on the eve of his absconding and leaving the state, on the ground of fraud and simulation.

This case was before the court in 1834. See the facts and evidence fully stated in the former report of the case. 3 *Louisiana Reports,* 530.

On the return of the cause to the Parish Court it was submitted to a jury, who after hearing much testimony touching the pecuniary affairs of the insolvent at the time of executing the sales of his property in question, and receiving an elaborate and minute charge from the judge presiding, delivered a verdict for the plaintiff on the ground that the sales were simulated and made in fraud of creditors. Upon judgment rendered in conformity to the verdict, the defendant appealed.

*Preston,* for the plaintiff.

*Hoffman* and *Strawbridge,* for the appellant.

*Mathews, J.,* delivered the opinion of the court.

Most of the legal questions involved in this case have already been settled by our former decision in it, which may be seen in the 6th volume of Louisiana Reports, page 530.

What remained to be decided when the cause was Eastern Dist.
February, 1836.

M'MANUS'S
SYNDIC
vs.
JEWETT. remanded, relates principally to matters of fact out of which arise questions of fraud and simulation; they were submitted to a jury who found a verdict for the plaintiff, and judgment being thereon rendered the defendant appealed.

In matters of this kind it is generally admitted and has been often asserted by this court that juries are proper judges, and in all cases where their verdicts have been supported even by evidence, doubtful, in our view, we have refrained from interfering with their conclusions based on the facts of a case. But this court is so constituted as to require of its judges to inquire into and decide on questions of fact as well as those of law, and when, from an attentive examination of the testimony in a cause, we believe a verdict to have been found entirely contrary to the truth of the facts of a case, or without any evidence to support it, in such a case it has been our uniform course of proceeding to send the cause back to the inferior court to be tried *de novo*, and again submitted to another jury if the parties require it.

The application for a new trial in the court below on the ground of newly discovered evidence (and which has been so strongly urged on this court) is perhaps not supported by the circumstances of the cause, but on this subject we give no decisive opinion, believing that it ought to be remanded on other grounds.

We have carefully and attentively examined the testimony, and have been unable to discover any facts disclosed by it calculated to sustain the verdict of the jury, according to the legal principles of the case, as heretofore established by this court. There are none which, pursuant to our view of it, prove fraud on the part of the defendant, in the purchase of property from M'Manus, who soon after acted the part of a fraudulent insolvent. Whatever may have been his misconduct, or that of Prendergast, the common acquaintance of him and Jewett, it ought not to be visited as an offence on the latter, who for any thing shown to the contrary in the present state of the testimony, appears to us to have acted fairly and honestly.

In an action by the syndic of creditors to annul certain sales made by the absconding debtor, on the ground of fraud, it is not sufficient that the insolvent debtor and a person acting as the common friend were guilty of fraud and simulation, to enable the plaintiff to succeed, if it appears the purchaser acted fairly and honestly.

EASTERN DIST.
*February*, 1836.

It is, therefore, ordered, adjudged and decreed that the judgment of the Parish Court be reversed and annulled, the verdict of the jury set aside, and that the cause be sent back to the court below for a new trial, and that the appellee pay the costs of this appeal.