CHARLES TIERNAN *v.* JAMES K. MURRAH and another.

Where the circumstances authorize it, a court may, in rendering judgment in favor of a party, make its execution dependent on the condition of the production of books and papers in the possession of the latter.

A clerk has a general privilege on all the property of his employer. A sale, accompanied by delivery, destroys this privilege; not so an attachment. The property attached belongs to the original owner, until divested by a sale; and the privilege of a clerk, will entitle him to be paid in preference to the attaching creditor.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

This case was submitted without argument, by G. *Strawbridge,* for the plaintiff, and *Elwyn,* for the appellant.

MARTIN, J. This suit being commenced by attachment, Benjamin A. Gamble, a clerk of the defendants, intervened, claiming to be paid for his services, by privilege, out of the property attached. The plaintiff had judgment against the defendants; but the court directed that the intervenor should recover the sum of $164 80, with five per cent interest thereon, from the 11th of March, 1840, to be paid by preference, with the costs of the intervention, on condition, however, that he should, within eight months from the date of the judgment, place in the hands of the clerk of the court, the day book, journal, ledger, bill books, cash books, bank books, and all other papers or books, if any, belonging to the firm of Gamble,

and Murrah, and that in default of so doing, the amount so decreed to him, should be paid to the plaintiff.

The intervenor appealed. His counsel has contended that the court erred in fixing the rate of his compensation at $2000 per annum, instead of $2500, and in saddling the judgment rendered in his favor with an unreasonable and illegal condition, not warranted by law, not demanded by either party, nor shown by the evidence to be equitable or legal.

The counsel for the plaintiff and appellee has urged, that the appellant has no privilege, because there is no cession of goods. That in *Emerson* v. *Fox,* 3 La., 183, and in 8 Martin, 511, it was settled, that the seizing creditor must be paid in preference. That a clerk's privilege is a general one only. That special privileges, like the lien of the common law, exist not only in cases of actual insolvency, but even where the debtor is solvent, *e. g.,* if property under pledge be attached, the pledgee must be first paid; so of the landlord, in case of furniture, and seamen, in the case of a steamboat, etc. That a general privilege can never be enforced on the debtor's property, until declared insolvency, or a *cessio bonorum.* That this results positively from the textual provisions of the Civil Code, art. 1981, which declares that, ' no sale of property in the usual course of business, nor any payment of a just debt in money, shall be annulled, although the debtor was insolvent, and the person contracting with him knew it'; citing also art. 2628, and the case of *McManus' Syndic* v. *Jewett,* 9 La., 170, and *Thompson* v. *Gordon,* 12 Ib., 260. The counsel for the plaintiff has further insisted, that the intervenor cannot have even a conditional judgment, until he restores the books, papers, etc.

A recurrence to the testimony has satisfied us that the court did not err in the rate of compensation adopted, nor in requiring the deposit of the books, etc., in the clerk's office. The testimony shows also, that the defendants failed shortly after the intervenor came into their service. Marcus Patton swears to this fact. They went away; and have never returned; their landlord seized their property, etc. It is admitted that the intervenor had a *general* privilege. Such a privilege extends to all the property of the debtor. A sale, accompanied by delivery, destroys it, because the property of the vendor then ceases. Not so the attachment, for

until a sale puts an end to the property of the vendor, he remains the owner of the goods attached, for they are still at his risk. *Res perit domino.*

Judgment *affirmed.*