### A. C. ROBERTS *v.* HYDE & MACKIE.

In an action for damages, evidence is inadmissible to prove damages of a different character from those set forth in the pleadings.

Registry is not necessary as between the parties, to confer a privilege under a building contract.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *J. S. Whitaker*, for plaintiff. *T. Gilmore*, for defendants and appellants.

VOORHIES, J. The reasons given by the District Judge in deciding this case are satisfactory.

There is in the record a bill of exception taken to his opinion overruling some questions propounded to a witness by the defendant, with the view of proving the latter's demand in reconvention. This was a prayer for damages, alleged to have been incurred from the failure of the plaintiff to deliver a lot of timber in compliance with the contract.

The defendants, in their answer, state in what these damages consisted, to wit: "That by the failure and neglect of the plaintiff to comply with his said contract, these respondents were delayed, and were obliged to suspend for weeks the work upon their dock, to their great inconvenience and expense, and were at length obliged to purchase timber from others at a price greatly exceeding that which they had contracted to pay the plaintiff."

The defendants attempted to prove damages of a different character,—the profits which they were prevented from realizing, by being delayed in finishing their dry-dock. On this ground, the District Judge properly overruled the questions propounded to the witness. Besides, these are remote damages.

The plaintiff, is entitled to the privilege awarded to him by the inferior court, although the contract, exceeding five hundred dollars, was not recorded. Registry is not necessary, in order to affect the parties, although it is indispensable as to third persons. *Townsend* v. *Harrison*, 2 An. 174.

Judgment affirmed.