No. 1915.
Second Circuit Appeal.

## ROBINSON-SLAGLE LUMBER CO., LTD., v. A. C. WATERMAN, APPELLANT

(November 7, 1924, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 2, 44.**
The allegation that plaintiff sold the materials to be used in, and that they were used in the construction of the building on the leased premises, is certainly not a conclusion of law, and the failure of the defendant to deny it is tantamount to an admission of its truth.

2. **Louisiana Digest—Mechanic's Privileg —Par. 20.**
Art. 3274 of the Civil Code refers exclusively to the preservation of privileges as against third persons. Where no third parties are involved no registry is necessary.
(See Act 300 of 1914, page 612 Editor's note.)

Appeal from the First District Court, Parish of Caddo, Hon. E. P. Mills, Judge.

This is a suit for balance due on building materials and recognition of lien and privilege.

Judgment for plaintiff and defendant appealed.

Judgment affirmed.

Thatcher & Webb, of Shreveport, attorneys for plaintiff and appellee.

Dickson & Denny, of Shreveport, attorneys for defendant and appellant.

PORTER, J. The plaintiff company sued the defendant on open account for a balance due for building materials sold to defendant, and used by him in the construction of a certain described property, which defendant had leased from a third party. The balance claimed is $468.50, with legal interest from January 1, 1922.

The petition prayed for recognition of plaintiff's lien and privilege on the lease, and the building constructed thereon.

The plaintiff recovered judgment, as prayed for, and the defendant has appealed.

Counsel for plaintiff, in their brief, say that the amount of the judgment is not disputed, but that defendant has appealed because he contends that plaintiff has no privilege on the property, and that the pleadings are not sufficient to justify proof of the same. Article 5 of the petition is as follows:

"Petitioner further represents that all of said materials was sold and delivered to the defendant to be used, and that same was used by defendant in constructing a building on the said leased premises, and that petitioner has a lien and privilege on said lease and building erected by the defendant to secure the amount due on said materials."

The answer to this article is as follows:

"Denies paragraph 5, for the reason that same is a conclusion of law."

The allegation that plaintiff sold the materials to be used in, and that they were used in the construction of the building on the leased premises, is certainly not a conclusion of law, and the failure of the defendant to deny it is tantamount to an admission of its truth. But even if we are wrong in this statement, defendant's attorney offered and filed in evidence a certified copy of an affidavit by a representative of the plaintiff company, setting forth the fact that the materials were used in the construction of the building on the leased property. It was probably the purpose of the counsel in filing this document to show that it was not recorded within the time prescribed by law, but it was offered and filed without any restriction, and we are not warranted in restricting it.

The next contention which counsel urges is that plaintiff's lien was not served or recorded within the time prescribed by law. Counsel doubtless refer to the law as set forth in Art. 3274 of the Civil Code. This article refers exclusively to the preservation of privileges as against third persons, and no third parties are involved here, and no registry was necessary. Roberts vs. Hyde & Mackie, 15 La. Ann. 51. At all events, it took effect from the date of its registry. C. C. 3274.

We think that the pleadings and the evidence are sufficient to warrant that part of the judgment which awards plaintiff a privilege on the lease. If the defendant did not own the lease, and had no connection with it, he ought to have alleged and proved those facts. The lease contract is in evidence, signed by defendant, and no denial of the signature is made, and it has about a year and a half yet to run.

The judgment is affirmed.