No. 9844.
Orleans Appeal.

---

BLATTMAN WEESER SHEET METAL WORKS, INC., v. CHARLES W. HARRIS, ET AL., Appellant.

(January 19, 1925, Opinion and Decree.)
(March 16, 1925, Judgment Reinstated.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Pleading—Par. 110.
Material allegations of fact contained in the petition and not denied in the answer are taken as true.

Appeal from First City Court, Hon. Henry Renshaw, Judge, Sec. "C".

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Scott E. Beer, attorney for plaintiff and appellee.

G. B. Harrison, Eugene D. Saunders, attorneys for defendant and appellant.

WESTERFIELD, J. This is a suit against a contractor and his surety for the price of certain building materials purchased by the contractor and alleged to have been used in the construction of a residence under a contract for the performance of which the surety had issued its bond.

The contractor, Harris, made no defense and has not appealed from the judgment against him. The surety, Globe Indemnity Company of New York, in its answer, defended upon the ground that the plaintiff had failed to record its lien against the proper party within forty-five days of the acceptance of the work and that, therefore, the surety was released. This defense ap-

pears to have been abandoned, as it well might be, for see Panama Sash and Door Company vs. Deliste, 8592 Orl. App., and in this Court it is urged that plaintiff has failed to make out his case with sufficient certainty, which is the sole issue in the case.

From the judgment below condemning it in solido with its co-defendant, the Indemnity Company has appealed. Only one witness, Mr. Blottman, for plaintiff, testified. He declares that he sold the material to Harris, the contractor, for use in the construction of the house, which was being erected under the building contract upon which the defendant Indemnity Company was surety, and that he had not been paid therefor. He was asked whether he had seen the contract between the owner and Harris and answered in the negative. Counsel claims that there is not sufficient proof that the materials sold by plaintiff and used by Harris, the contractor, were used in accordance with the contract upon which it was surety. No such issue is tendered in the answer and defendant has offered no testimony whatever. On the contrary the petition in which there appears an allegation to this effect is not denied in this regard.

We think the case is clearly with the plaintiff and that the judgment appealed from should be affirmed and it is so ordered.

_____

ON REHEARING.

BELL, J. This case is before us upon a rehearing granted under the contentions of the applicant for rehearing, the Globe Indemnity Company, that this court has erred in applying to the instant case the rule of pleading that material allegations of fact contained in the petition and not denied in the answer are taken as true.

It is contended that however sound be this rule, it is inapplicable to the present case, for the reason that all allegations contained in plaintiff's petition have been denied by the defendant (now applicant for rehearing), except what is admitted by it, and that such admissions as may be found in defendant's answer are of a nature which does not relieve plaintiff primarily from the obligation or necessity of proving certain material facts alleged in his petition.

While the rule as stated in the syllabus of our original opinion may have been too broadly applied in the instant case, because qualified denials have in fact been made in the answer based upon defendant's insufficient information to justify a belief, we are nevertheless of the opinion that our former judgment is correct.

The important question before us is whether the plaintiff as a sub-contractor has proven with sufficient certainty the fact that the materials furnished to the contractor and owner under a building contract upon which defendant was surety, have been furnished within the terms of plaintiff's contract sued upon. The plaintiff has proven with certainty that its claim is against the contractor and surety in a specific amount for materials and work actually furnished the building. It is admitted by the defendant, the surety company herein, that the building in question was covered by a building contract to which it, as such surety, and also the owner and contractor are parties. It has been specifically proven and no evidence has been offered to the contrary that the work and material were furnished in accordance with the original contract between plaintiff and the defaulting contractor.

Defendant specifically pleads in the fifth paragraph of his unverified answer filed in these proceedings that plaintiff's claim has prescribed, in that the claim has not been recorded within the time required by Act 262 of 1916. Although this defense, imputing an admission of the claim, appears

to have been abandoned, it is now contended that plaintiff cannot recover for lack of sufficient proof that the materials and work furnished were with relation to and within the specifications and all other conditions of the contract which existed between the owner and contractor and upon which contract defendant is surety.

The existence or not of these important facts is bound to have been more within the knowledge of the defendant than of the plaintiff, whose only witness has admitted under cross-examination that the plaintiff company has never been shown or advised of the contents of the contract under which the surety is now sought to be held liable. That defendant did not plead nor attempt to prove the defense which would have relieved it of all liability, raises a presumption that no such defense was available.

We have but recently held, in the case of Healey & Company, Inc., vs. Burglass, 8799 Orl. App., that when evidence which is peculiarly within the power of one litigant to produce in order that his cause or defense may prevail, has not been produced, the presumption is that it would be to his prejudice if produced.

In the instant case, plaintiff, a material man or sub-contractor, has assumed and carried the burden of proof imposed by law to establish his entire claim, in that he has shown delivery to the building and installation therein of exactly what the contract called for under specifications and terms set out in said contract. Having established this proof, as well as the amount and timely recordation of his claim, and also the acceptance of his work by the owner, he was not required in suit against the main contractor and surety to either allege or prove that such work was in conformity with specifications set forth in a contract to which he was never a party. That it was not within the requirements or specifications of the building contract, was

a matter, if true, of special defense available to those who were parties to the building contract.

We see no reasons for changing our former judgment in this matter.

It is, therefore, ordered that the judgment of this court heretofore rendered be and the same is hereby reinstated.