No. 2572

Second Circuit.

———

**WESSELL PLUMBING COMPANY, INC.,
v. NORTON.**

———

(April 10, 1926.   Opinion and Decree.)

———

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 44.**

Under Section 2 of Act 300 of 1914, the pleading and practice act, all allegations of fact in plaintiff's petition not denied by the defendant are deemed to be admitted.

2. **Louisiana Digest—Pleading—Par. 44.**

The allegation "for want of proper and sufficient information, defendant cannot admit or deny this allegation," is not a denial and consequently must be considered admitted under Section 2 of Act 300 of 1914.

3. **Louisiana Digest—Pleading—Par. 43.**

Under the Pleading and Practice Act 300 of 1914 the defendant is not permitted to deny an allegation of fact merely for the purpose of putting it at issue.

4. **Louisiana Digest—Judgment—Par. 28.**

Under section 4 of Act 300 of 1914, the pleadings and practice act, the plaintiff may by rule submit to the court his right to a judgment on the face of the petition and answer.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo, Hon. T. F. Bell, Judge.

Action by Wessell Plumbing Company, Inc., against R. J. Norton on two promissory notes.

There was judgment for plaintiff on a rule under the Pleading and Practice Act 300 of 1914.

Defendant appealed.

Judgment affirmed.

Edward Barnett, of Shreveport, attorney for plaintiff, appellee.

Crow and Coleman, of Shreveport, attorneys for defendant, appellant.

ODOM, J.   On August 20, 1925, plaintiff brought this suit to recover the amount of two promissory notes, each for the sum of $47.50, bearing interest at 8% per annum, with 25% attorney's fees in case of collection by attorney or suit, and it attached the notes to its petition.

On October 17, following, defendant filed answer.

On the same day plaintiff filed an application for a rule on defendant to show cause why a judgment should not be rendered against him for the amount claimed on the pleadings; alleging in its application that defendant had not specifically denied in his answer any material allegation set out in the petition, as required by the pleading and practice act (Act No. 300 of 1914).

The rule was granted and made returnable October 26, and on that day trial of the rule was taken up, argued and submitted, and on October 28 the court rendered judgment making the rule absolute and granting judgment in favor of plaintiff for the amount of the notes, interest and attorney's fees, as prayed for.   Defendant appeals.

OPINION.

The only question presented for our consideration is, whether the court erred in granting judgment in favor of the plaintiff on the pleadings.

It is contended by counsel for plaintiff and was held by the lower court that defendant failed to specifically deny in his answer any material allegation of fact set out in the petition.

Section 1 of Act No. 300 of 1914, the

pleading and practice act, requires that the plaintiff, in his petition,

"Shall state his cause of action articulately, that is to say, he shall so far as practical state each of the material facts upon which he bases his claim for relief in a separate paragraph, separately numbered."

Section 2 requires that the defendant in his answer

"Shall either admit or deny specifically each material allegation of fact contained in plaintiff's petition."

And said section 2 further provides that

"The denial by defendant in such case may be based upon lack of sufficient information to justify a belief in regard to the allegation in question, but in such case the denial must be so expressly qualified."

And

"All material allegations of fact contained in the petition which are not denied in the answer shall be deemed to be admitted."

Plaintiff set out its cause of action in eight separate and distinct articles, separately numbered; and defendant answered each article, paragraph by paragraph.

In paragraph one, plaintiff alleged that defendant is indebted to it in the sum of $95.00 with interest and attorney's fees.

In answer to this article, defendant says:

"Article 1 is denied."

In Article Three of the petition, plaintiff alleges that:

"* * * the two notes are hereto attached and made a part of this petition."

And in answer to that article defendant says:

"Defendant admits that the two (2) notes in question are attached to plaintiff's petition, but denies that he owes them or any portion thereof."

These are the only specific denials found in the answer.

But these are not denials of any specific allegation of fact, because the allegation in the petition that defendant is indebted to plaintiff is but a conclusion of the pleader from the facts alleged and not an allegation of fact.

Succession of McLain, 141 La. 375, 75 South. 85.

The specific allegations of fact set up by plaintiff to show a cause of action are contained in other articles of the petition; and to each and every other article of the petition the defendant made the same answer, verbatim, to-wit:

"For want of proper and sufficient information, defendant cannot admit or deny this allegation contained in plaintiff's petition, and for the purpose of placing said allegation at issue denies same."

It is contended by counsel for defendant, in brief (the case was not argued orally) that this is a sufficient denial of plaintiff's allegations of fact, and in support of that contention they cite Henderson vs. Price, Manning's Unreported Cases, page 2, to the effect that

"The clause of an answer, wherein is pleaded the general issue, must be taken in connection with other clauses which are equally a part of the defense, and the whole construed together."

And the case of Davies vs. Bierce, 114 La. 663, 38 South. 488, holding that:

"A party is entitled to have his pleadings considered and passed upon as an entirety."

And the case of Bayhi vs. Bayhi, 35 La. Ann. 527, where it was held that an answer by defendant in which there was neither an admission or denial of the allegations of

the petition, but submitted the case for the determination of the court, joined issue as effectually as a judgment by default could have done.

The rule laid down in the 114 Louisiana case, supra, to the effect that the pleader is entitled to have his pleadings construed as a whole, is the law yet; but the case is not in point.

The rule recognized in the other cases was correct, of course, under the law as it then existed. But these decisions were rendered long previous to the passage of the pleadings and practice act. That act did away with the old rule of "pleading the general issue," and provided that the defendant, in answer, must admit or deny specifically each material allegation of fact contained in plaintiff's petition.

It is true that in defendant's answer relating to the allegations of fact set out in the petition there is denial; but it is denial only "for the purpose of placing said allegation at issue."

The act provides that the denial by the defendant in such case may be based upon lack of sufficient information to justify a belief in regard to the allegation in question; but a reading of the entire article and defendant's answer, as to the allegation of fact, will disclose that he does not base his denial upon lack of sufficient information, but only for the purpose of putting the allegations at issue. With reference to lack of sufficient information, he says:

"* * * for want of proper and sufficient information, defendant cannot admit or deny this allegation."

There is, therefore, no denial of the allegation on account of lack of sufficient information.

The act in plain terms provides that the defendant must deny specifically the alle-gations of fact contained in the petition, but allows him to deny them

"* * * for lack of sufficient information."

If defendant had denied these allegations for lack of sufficient information, he would have complied with the letter of the law; but he did not do that. He alleged that on account of lack of information he could neither admit nor deny them. Clearly there is no denial in that.

These material allegations of fact not having been denied, are, under the act, deemed to be admitted.

Under the act, the defendant may as well have filed an answer admitting separately all the allegations of fact in plaintiff's petition.

Following the statement in the answer that he neither admits nor denies the allegations of the petition, he says:

"* * * and for the purpose of placing said allegations at issue denies same."

But the defendant is not permitted by the act to deny an allegation of fact merely for the purpose of putting it at issue. That would be equivalent to pleading the general issue, and would thwart the very purpose of the pleading and practice act, which was to simplify trial by narrowing the issues.

When a defendant is called into court to answer a demand, he either does or does not know whether the allegations with which he is confronted are true. If he knows they are true, he is called upon to admit them; if he knows they are not true, he should deny them; and if he does not know whether they are true or not, the act permits him to deny them for lack of information. But he is not permitted to deny them merely and solely for the purpose of putting them at issue.

The defendant not having denied the allegations of fact in plaintiff's petition, they

are deemed to be admitted, and the court was warranted under section 4 of Act No. 300 of 1914 to render judgment on the pleadings in favor of the plaintiff.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.