No. 610

First Circuit

SECURITY BANK v. NATL. MUTUAL ASSURANCE ASSN.
CORINNE WREN DAVIS, Third Opponent

(March 5, 1930. Opinion and Decree.)
(May 6, 1930. Rehearing Refused.)

Ellis, Ellis & Ellis, of Amite, attorneys for plaintiff, appellant.

A. W. Spiller, of Hammond, attorney for opponent, appellee.

ELLIOTT, J. Corinne Wren Davis claims as clerk, secretary, and stenographer of National Mutual Assurance Association, a privilege for the payment of her salary out of the proceeds of 10 shares of Security Homestead Association stock belonging to her employer.

Security Bank obtained a judgment against National Mutual Assurance Association for upwards of $900, caused a writ of fieri facias to issue under which the 10 shares of stock of Security Homestead Association belonging to National Mutual Assurance Association was seized and advertised for sale.

Miss Davis had obtained judgment against National Mutual Assurance Association for $207 with interest thereon. In her suit she alleges her employment as clerk, secretary, and stenographer, and that a privilege existed in her favor on said shares of stock belonging to her debtor. That she was entitled to be paid out of the proceeds of said stock in the rank of privilege established by the law. She prayed that same be recognized and enforced. Her privilege was recognized and ordered enforced, as prayed for. She then proceeded against the Security Bank by motion, as provided for by the Code Practice, art. 401 et seq., asserting the privilege that had been decreed to exist in her favor to be superior in rank to that of the seizing creditor, and her right to be paid out of said proceeds by privilege, with preference over that of the seizing creditor.

Security Bank resists her claim for privilege on two grounds: First, that she does not pray in her motion for the recognition of any privilege in her favor.

Her motion is a summary proceeding under Code Prac. arts. 98 and 754 et seq. It is in the form of an order of the court. In this case the proceeds of the stock were in the hands of the clerk of court; the court's order was therefore addressed to the clerk of court, and directed him to hold in his hands the amount due the mover until her third opposition had been disposed of. The grounds of the motion was stated articulately, as required by Act No. 27 of 1926, the fourth averment being:

"That your mover's said lien and privilege being superior in rank to the claim asserted by plaintiff herein, the same should be paid to her by preference over the said seizing creditor, from the proceeds of the sale of said shares of stock."

Security Bank took cognizance of her motion and opposition and answered each of the averments therein, admitting same, except the fourth, which it did not answer.

The law, Act No. 27 of 1926, provides that all averments not answered shall be deemed to be admitted. This legal requirement resulting from the bank's failure to answer said averment establishes both grounds on which Security Bank bases its contest. It is not necessary to pray for the recognition of a privilege which the law provides "shall be deemed to be admitted."

The second ground of resistance is that National Mutual Assurance Association has not been decreed to be insolvent and no cession of property has taken place. That *insolvency of the debtor or a cession of property are prerequisites to the right to assert a privilege.* The defendant, National Mutual Assurance Association, is a corporation. But pretermitting that fact, the debtor has not been, so far as the record indicates, decreed to be insolvent, nor has a *cession of property taken place.*

The articles of the Civil Code, 3191, subd. 6, and 3252, subd. 5 (amended Act No. 242 of 1918), which create the privilege of the clerk, secretary, etc., have no conditions attached to them making them dependent on the insolvency of or cession of the debtor's property. Converse Kennett & Co. vs. Hill & Co., Letchford & Co., Interveners, 14 La. Ann. 89.

Not only that, but the record shows that Miss Davis claimed the privilege in question in her suit against National Mutual Assurance Association, and the judgment rendered recognized its existence in her favor, as prayed for.

On the trial of her opposition the case of Miss Corinne Wren Davis, No. 2624, vs. National Mutual Assurance Association; Security Bank, No. 2510, vs. National Mutual Assurance Association, Corinne Wren Davis, intervener, together with another opposition, were consolidated and tried together. The testimony taken shows that she is entitled to the privilege and preference claimed.

The judgment of the lower court in her favor is correct.

Judgment affirmed. Security Bank to pay the cost in both courts.

LECHE, J., not participating.