No. 610

First Circuit

SECURITY BANK v. NATIONAL MUTUAL ASSURANCE ASSOCIATION (CORINNE WREN DAVIS, Intervener)

(March 5, 1930.  Opinion and Decree.)
(May 6, 1930.  Rehearing Refused.)

Ellis, Ellis & Ellis, of Amite, attorneys for plaintiff, appellant.

A. W. Spiller, of Hammond, attorney for intervener, appellee.

PER CURIAM. Security Bank prays for a rehearing, urging that the court erred in not acting specifically upon the exception of no cause and no right of action filed and made a part of the record. This exception was not acted on specifically; the word "filed" written on it had been signed by a deputy clerk, but without any date showing when it had been done. Then, again, the minutes did not state that the exception had been filed and ruled on in the lower court. Plaintiff's brief states that it was overruled; but we are guided in such matters by the minutes. The minutes did not show any ruling; therefore there was none that could be reviewed. The exception was put aside, but the court ruled on all the grounds, urged as grounds for the exception, in acting on the bank's answer to the motion and opposition which Miss Davis had filed, urging that her privilege as clerk and secretary was superior to that of the bank.

The grounds of the exception were stated in plaintiff's original brief to be:

"The exception of no cause of action is based upon two grounds: 1st: No privilege or lien can be recognized by the court when there is no prayer asking for its recognition.
"2nd: That a clerk or secretary's privilege being a general one, it can not be exercised except in case of insolvency, cession of goods, or in succession proceedings."

The opinion considers and acts on these questions. These questions having been considered and acted on in the opinion, all that the situation required was complied with. If there had been a ruling on the exception in the lower court, which plaintiff desired to have reviewed, it should have been shown by the minutes and brought up for review.

The plaintiff in its petition for rehearing urges, as error in the opinion and decree, that the motion of Miss Davis contains no prayer for the recognition of any privilege, and that without prayer therefor no privilege can be recognized.

It is also urged as error—we copy from its brief in support of its application for rehearing as follows:

"And that the court further erred in considering for the purpose of deciding the case at bar, the records in the suit of Corinne W. Davis v. 2624, National Mutual Assurance Association and Mrs. Annie C. Ciolino v. No. 2510, Security Bank et al., unless all, or any one of them were introduced in evidence in the case at bar; id est, Security Bank v. No. 2298, National Mutual Assurance Association, Miss Corinne W. Davis, Intervenor; nor has any of these cases except the case at bar, been appealed to your Honorable Court."

As for the matter first mentioned, the motion and opposition of Miss Davis is in form of an order signed by the judge. It is based on the provisions of the Code Practice, art. 401 et seq. This order signed by the judge, filed as a motion and opposition in the suit of Security Bank vs. National Mutual Assurance Association, was in furtherance of the prayer contained in her suit pending in the same court against the same defendant, and in which her petition contained the proper averments, with proper prayer for the recognition of her privilege.

The record shows that the suits of the Security Bank vs. National Mutual Assurance Association, Miss Corinne Wren Davis, Intervener, of Corinne Wren Davis vs. National Mutual Assurance Association, and of Mrs. Annie C. Ciolino vs. National Mu-

382

tual Assurance Association, were consolidated for the purpose of trial. The note of testimony taken opens by stating the titles of each of the three consolidated cases, the number of each case, and contains the following announcement:

"Testimony taken on the trial of the above numbered and entitled cases, which were consolidated for the purpose of trial this day before his Honor," etc.

After this an agreement of counsel:

"For the purpose of trial, it is agreed by all parties that the following named suits are combined: Namely, The Intervention of Miss Corinne Davis in the suit of Mrs. Ciolino v. Security Bank et al. Security Bank v. National Mutual Assurance Association and the suit of Miss Corinne Wren Davis v. National Mutual Assurance Association, No. 2624."

Then a further agreement dictated by counsel for plaintiff:

"It is agreed that the exceptions will go over after the statement of facts is introduced. We agree to putting the statement of facts in now, but reserve our rights under the exceptions."

The consolidation embraced all the pleadings in each of the cases, producing, in effect, a concursus. This order, in such a situation, needed no prayer to render it effective as an opposition. Asserting a privilege superior in rank to that of Security Bank, the prayer of Miss Davis in her suit against National Mutual Assurance Association became effective as a result of the consolidation against Security Bank. All the parties to the combination and consolidation were bound under the agreement to offer against each other all the evidence that they desired to offer on all the issues in the consolidated cases. We therefore see no force in plaintiff's contention that a superior privilege cannot be recognized in favor of Miss Davis, opponent, on the ground that there is no prayer for such recognition in her motion. And because of the consolidation it was not necessary, as plaintiff contends, for the parties to offer in evidence against each other the records of the consolidated suits on trial.

Miss Davis is the only witness who appeared on the trial, and her testimony taken in support of her claim, must under the circumstances be looked on as taken contradictorily with National Mutual Assurance Association; contradictorily with the Security Bank; contradictorily with Mrs. Anna C. Ciolino, and effective for all purposes against each of the parties to the proceedings. The fact that the consolidated records were not offered in evidence on the trial in question, and that no appeal was before the court in any of them, except that of Security Bank vs. National Mutual Assurance Association, in which Miss Davis was by motion an opponent, under Code Practice, art. 401, did not at the time seem to require mention. The contention has been reconsidered; but we still see no force in it.

The Security Bank also urges, as error in the opinion, our holding that the privilege claimed by Miss Davis can be asserted, although there has been no cession of property nor assignment; and National Mutual Assurance Association has not been decreed insolvent. This question has been considered, and our opinion on the subject remains unchanged.

It is contended in the petition for rehearing that the court is in error in its statement of the facts. Plaintiff's brief in support of its application for rehearing states that this error consists of the statement, in the opinion of the court, that:

"Miss Davis had obtained judgment against National Mutual Assurance Association for $207.00 with interest, etc.

"She then proceeded against the Security Bank by motion, as provided for by the Code Practice, art. 401 et seq., asserting the privilege that had been decreed to exist in her favor, to be superior in rank to that of the seizing creditor, and her right to be paid out of said proceeds by privilege with preference over that of the seizing creditor."

The contention is that Miss Davis had not obtained judgment against National Mutual Assurance Association at the time of her intervention and opposition in the case at bar. The statement in the opinion that she had obtained judgment against National Mutual Assurance Association at the time she appeared in the suit of Security Bank vs. National Mutual Assurance Association, and opposed the payment to the bank of the proceeds of the stock seized by the bank, on the ground that her privilege was superior to that of the said bank, was an error. We now notice that her motion contains the statement that her suit against National Mutual Assurance Association was then pending.

The record shows that her opposition in the suit Security Bank vs. National Mutual Assurance Association was filed on April 12, 1929; the record in the case, Corinne Wren Davis vs. National Mutual Assurance Association, shows that she recovered judgment against National Mutual Assurance Association on April 12, 1929. Both took place on the same day. The mistake is acknowledged. The statement is in a narration, which had no bearing on the result. The opinion will stand corrected in that respect; but, as the mistake did not influence the result, there is no reason for changing the decree.

A serious error urged by the plaintiff in its petition for rehearing, and which we acknowledge, is the statement in the opinion that the plaintiff had admitted all the averments in the motion and opposition of Miss Davis, except the fourth, which it did not answer; that the failure of the bank to answer the fourth averment of her opposition established both grounds on which the bank contested the superiority of her privilege. Plaintiff's complaint on that subject is well founded.

The second averment in the motion and opposition of Miss Davis is denied in the answer of the plaintiff. The statement in the opinion, that each of the said averments had been admitted, except the fourth, is now recalled and set aside. And on further consideration we have also concluded that article 4, not answered, is in effect but a conclusion of the pleader. And, article 2 being denied, it was incumbent on Miss Davis to prove, not only the facts establishing her privilege against National Mutual Assurance Association, but also against the Security Bank. In making this proof, her cause is now regarded as unaided, by an admission of the kind stated. But, as stated in the opinion affirming the judgment appealed from, Miss Davis had established her privilege on the trial of the consolidated suits; and we now add the statement that the proof results from her uncontradicted testimony given on the subject, contradictorily with all parties before the court.

We have re-examined the evidence on this subject, and her evidence shows her employment by National Mutual Assurance Association, as clerk, secretary, and stenographer; that the amount of $207 is due her on account of her services. For her service the law creates the privilege which she claims. Civil Code, art. 3191, subd. 6, article 3252, subd. 5 (Act No. 242 of 1918).

The privilege existing in favor of Miss Davis on the ten shares of stock in Security Homestead Association certificate No.

219, belonging to her debtor, was not lost as a result of the bank's attachment, but continued in force and remained superior to that of the plaintiff, over the proceeds in the hands of the clerk of court. Erman & Cahn vs. Lehman, 47 La. Ann. 1651, 18 So. 650.

A clerk has a privilege on all the property of his employer. A sale accompanied by delivery destroys this privilege; not so an attachment; the property attached belongs to the original owner until divested by the sale; and the privilege of a clerk will entitle him to be paid in preference to the attaching creditor. Tiernan vs. Murrah, 1 Rob. 443. We therefore see no reason for granting a rehearing.