This is a suit in which plaintiff claims damages for injuries alleged to have been received as the result of an automobile-trolley bus collision which occurred at the intersection of Pierre and Ashton Avenues in the City of Shreveport at or about the hour of 11:00 o'clock P.M. on July 2, 1948. After trial there was judgment in favor of plaintiff and against the defendant in the principal sum of $1,500.00, and further judgment recognizing the claim of Shreveport Charity Hospital, intervenor, in the *Page 742 
amount of $196.00, to be paid out of the amount awarded plaintiff. From this judgment defendant has appealed and plaintiff has answered the appeal, praying an increase in the principal amount to $5,000.00, and further praying that the award made Shreveport Charity Hospital be ordered paid by the defendant.
This case was consolidated for all purposes with three other suits numbered 7357, 7358 and 7359 on the docket of this, court. Petteway v. Shreveport Rys. Co., 41 So.2d 240; Salone v. Shreveport Rys. Co., 41 So.2d 240; Taylor v. Shreveport Rys. Co., 41 So.2d 241.
Almost the only definite fact which is established without conflict or dispute is the occurrence of the collision at the place and about the time set forth. All other material facts are violently disputed and the voluminous testimony in the record is marked by irreconcilable differences between the witnesses for the respective parties, and further inconsistencies and discrepancies in the testimony of several of the witnesses which were prejudicial to the party on whose behalf they were tendered.
For these reasons we have found great difficulty in determining the true facts in connection with the accident. After much study, and after according unusual consideration to the physical facts and surrounding circumstances, we have arrived at the following recapitulation of those pertinent and material facts which we hold to have been established by a preponderance of the evidence.
Pierre Avenue in the City of Shreveport is a paved right-of-way street running generally in a north and south direction, having a width of 30 feet between curb lines, on which traffic, by city ordinance, is accorded a favored status. Ashton Avenue, which runs east and west, intersects Pierre Avenue at right angles, and traffic entering Pierre Avenue from Ashton is, by city ordinance, required to come to a full stop before proceeding into the intersection. At the time noted one of the regularly scheduled trolley busses of the defendant company, approximately 33 feet in length and 98 inches in width, having negotiated a stop at the intersection of Pierre Avenue and Looney Street, some 360 feet north of the intersection with Ashton Avenue, was proceeding south along Pierre Avenue. A 1936 model Ford Tudor sedan driven by one B. E. (Bennie) Petteway, proceeding east on Ashton Avenue, entered the intersection with Pierre, and, at or about the time of beginning a right-hand turn to the south on said thoroughfare, it was struck, practically broadside, by the front of the trolley bus at a point some 4 or 5 feet south of the center line of the intersection of the two streets. The auto was catapulted by the force of the collision diagonally across Pierre Avenue and came to rest facing north at or immediately near the east curb of said street 42.7 feet from the point of the collision. The bus was brought to a stop on Pierre Avenue with the front end slightly south of the south curb line of the Ashton Avenue intersection with the back end of the trolley still occupying some 14 to 16 feet of the intersection.
Plaintiff in this suit was one of five passengers in the automobile driven by Petteway. This plaintiff specifically alleged the negligence of the driver of the trolley bus as the proximate cause of the accident and set up a number of serious injuries received as the result thereof.
Fronting on Pierre Avenue and set back only 12.5 feet from the curb line is a large two-story brick building, the side of which is 16.5 feet north of the curb line of Ashton Avenue. This building represents a distinct hazzard to traffic at and near the intersection and materially obstructs the view of vehicular traffic approaching the intersection from the directions which have been shown above.
One of the serious points of contention and violent difference of opinion involved in the instant case is with respect to the speed of the trolley bus, which is described as being excessive by witnesses for plaintiff, variously estimated at 35 to 50 miles per hour, and which is as positively described as "moderate" by witnesses for defendant and estimated in figures at 20 to 25 miles per hour. Admittedly, the automobile was moving very slowly at the time of the collision. One of the few facts conclusively established is that the intersection is upgrade on both streets in the directions *Page 743 
which were being traveled by the respective vehicles involved.
Another fact in serious conflict involves the point as to whether Petteway complied with the ordinance and brought his automobile to a full stop before advancing into the intersection. The affirmative is asserted by Petteway and his passengers, and is denied by the driver of the bus and certain passengers occupying that vehicle at the time.
Accepting the testimony of the driver of the defendant's trolley bus at full value, we think his evidence definitely establishes his negligence as a proximate cause of the accident. This driver testified that he was moving at a speed of 20 to 25 miles per hour; that he saw the Petteway car moving slowly into the intersection when his bus was at a distance of some 60 feet; that he removed his foot from the accelerator, and placed it on the brake; that he assumed that Petteway was going to come to a stop; that he began to apply his brake only when the bus was within approximately 15 or 16 feet of the Petteway car.
We note some strange omissions or oversights in the evidence. For example, the defendant, questioned on interrogatories on facts and articles, denied categorically that any employee or agent of the said company could fix the braking distance of the trolley bus at various speeds between the limits of 20 and 50 miles per hour. Plaintiff did not meet this point with any proof as to the actual braking or stopping distance of defendant's bus or a similar vehicle, and the record is therefore barren of any convincing evidence as to whether or not the bus could have been stopped in time to avoid the accident.
However, we think the imputation of negligence to the driver of the bus is inescapable. If, as was evidenced by his testimony, he perceived the automobile entering the intersection when he was within a distance of approximately 60 feet therefrom, and if, he neglected to make any effort to apply the vehicle's brakes until he had approached within 15 or 16 feet of the automobile, which was obviously proceeding slowly into the path of his vehicle; and if he failed to timely give any warning of his approach, certainly, all of these facts were elements of negligence under the circumstances. With respect to the last observation, it is noted that the record does not contain any shred of testimony to the effect that the driver of the bus sounded any warning signal of any nature.
So far as we can determine there appear to be no facts in connection with the surrounding circumstances which would justify the assumption of the driver of the trolley bus that Petteway intended to bring his car to a stop. On the contrary, at the time the bus driver, according to his own testimony, observed the Petteway car it was so nearly into the actual intersection that he should have been immediately impressed with the development of a dangerous situation, certainly to the extent of braking his vehicle and attempting to warn the driver of the automobile by proper signal.
Proceeding to a consideration of contributory negligence on the part of Petteway, we find no difficulty in concluding that he was guilty of negligence which contributed to and was a proximate cause of the accident. Again accepting at face value the testimony of Petteway, the driver of the automobile, we note that he claims to have perceived the approach of the trolley bus, which was traveling at an excessive rate of speed, at a time when it was some considerable distance north of the intersection. Despite this observation, and conceding the point that Petteway had brought his car to a stop before proceeding into the intersection, he nevertheless was clearly guilty of negligence in proceeding into the path of a speeding vehicle traveling on a right-of-way street. The record in this case fails to establish any facts which justify the application of the doctrine of last clear chance to the driver of the bus.
However, the finding of contributory negligence on the part of Petteway, the driver of the automobile, could not, under the facts established in this case, be imputed to his passengers, and the fact that his recovery is barred by his own contributory *Page 744 
negligence does not serve to justify the denial of recovery on the part of his passengers.
The basis of our conclusions being predicated upon the testimony of the two principals, the drivers of the vehicles involved, obviates the necessity of a long, detailed and involved discussion of the unsatisfactory conflicting testimony of the great number of witnesses tendered by the respective parties.
The facts which we have related as bearing upon the determination of this suit are made more impressive and pertinent and are clarified by a survey plat which is incorporatd in the record. This plat accurately reflects the locus in quo and the positions of the respective vehicles immediately proceeding and at the time of the collision. The physical facts were arrived at by agreement between counsel for the parties through a joining of their respective files, and this plat has proved to be of in-estimable value to the Court in its consideration of the case.
On the basis of the above-stated finding of facts there can be, and, indeed, there is little difference of opinion as to the legal principles involved. However, we feel impelled to note a principle, urged on behalf of defendant by its able counsel, quoted from Jefferson v. Caddo Transfer Warehouse Co., 4 La. App. 377, as follows:
"The plaintiffs carry the burden of making out their case beyond a reasonable doubt."
This statement, which is found in the body of the opinion of the cited case, is so violently and irreconcilably at variance with the accepted and established general rule to the effect that a plaintiff bears the burden of establishing his case by a preponderance of the evidence that we can only look upon the pronouncement as having been unintentionally and inadvertently made. In any event, scores of cases have served to correct what was clearly an erroneous and unintended declaration.
The only remaining issue involved in this particular case is with respect to the quantum. Counsel for plaintiff has called attention to Article 27 of plaintiff's petition which reads as follows:
"Your petitioner now shows that the injuries and the pain and suffering undergone during recovery therefrom, as well as the permanent conditions hereinbefore alleged, have damaged your petitioner to the extent of Five Thousand and No/100 ($5,000.00) Dollars, which she is entitled to recover in this petition."
Counsel has further specifically brought to the attention of the Court Article 27 of defendant's answer, which reads as follows:
"The allegations of Article 27 are admitted."
In argument in brief before this Court counsel for plaintiff asserts that this point was raised in brief before the lower court and was neither challenged, explained nor controverted by counsel for defendant. We do not find that the point has been noticed or alluded to by defendant's counsel in any of the proceedings before this Court.
In view of the pleadings noted it appears to us that the amount of recovery has been agreed upon and fixed by the parties, subject, of course, only to the proper establishment of liability of the defendant.
Plaintiff having protected her rights by proper answer to the appeal is accordingly entitled to an increase in the amount of the judgment awarded by the District Court.
For the reasons assigned the judgment appealed from is amended to the extent of increasing the amount awarded the plaintiff, Mattie Moch, to the full sum of $5,000.00, with legal interest thereon from date of judicial demand until paid, and, as amended, the judgment is affirmed at appellant's cost.
 On Rehearing.