ELLIS, Judge.
Plaintiff is seeking to recover compensation for total, permanent disability from the insurer of his employer as the result of an alleged accident.
Counsel for plaintiff admitted in the District Court and the District Court so held, and he has again admitted before this Court that on the merits he had no case, but, by oral motion in the district court prior to trial, asked for judgment on the face of the pleadings because of alleged admissions made in defendant’s answer to plaintiffs petition.
The district court denied the motion for judgment on the face of the pleadings and, after trial, rendered judgment in favor of the defendants and against the plaintiff rejecting the latter’s demand at his cost.
The plaintiff has appealed from this judgment and complains only of the denial of his motion for judgment on the face of the pleadings and it is, therefore, necessary that the material allegations of plaintiff’s petition be quoted.
. The plaintiff alleged that he was employed by the Sterling Sugars, Inc., on its plantation, and on the 24th day of December, 1948 he suffered an accidental injury when he was bitten near the' wrist by one of the mules of his employer which resulted in the amputation of his right arm just above the elbow. In Article 6 of plaintiff’s petition he alleged: “On the said 24th day of December, A.D. 1948, petitioner was employed by Sterling Sugars, Inc., as a manual field laborer, and petitioner was engaged in the discharge of his work for Sterling Sugars, Inc., as a manual laborer when he was bitten by said mule, as aforesaid.”
In Article 8 the plaintiff alleged: “At the time of his injury petitioner was earning $23.40 per week and is entitled to recover for total permanent disability 65% of said amount, or the sum of $15.21 per week for 400' weeks, or a 'total sum of $6,084.00”.
To plaintiff’s petition the defendant answered and admitted the' employment and the accident and injury as the result of the mule bite but in answer to Article 6 set forth the following: “For answer to Article 6 of plaintiff’s petition, defendant admits that petitioner' was employed as a manual field laborer by Sterling Sugars, Inc., on December 24, 1948, but specifically denies that' petitioner mas engaged in the discharge of- his duties with Sterling Sugars, . Inc., when the alleged accident occurred, and defendant specifically denies that the accident arose out of and in the course of the employment óf said petitioner.” (Emphasis added)
In' answer to Article 8 the defendant Set forth: “Defendant admits the allegations of fact contained in Article 8 of plaintiff’s petition.”
The plaintiff pitches its entire case upon Article 8 of its petition above quoted and the, answer thereto by the defendant wherein it admitted “the allegations of fact contained in Article 8” and, at the same time, admitted in the District Court and the facts show it to be true and the District Court correctly held, and admitted in this Court the special defenses set forth by the defendant that the plaintiff was not engaged in the discharge of his duties when the alleged accident occurred, and that the accident did not arise out of and in the course of the employment of the plaintiff.
There is some question raised as to whether it was necessary for the defendant to move by rule for a judgment on the pleadings, but it is not necessarj to decide this question as the only facts alleged in Article 8 of the plaintiff’s petition are that at the time of plaintiff’s injury he was earning $23.40 per week, and the remainder of the allegation is a conclusion of law or of the pleader. It is not necessary that a conclusion of the pleadings or of law be denied or admitted. Central Savings Bank & Trust Co. v. *508 Succession of Brandon, La.App., 167 So. 515; Iglesias v. Campbell, La.App., 175 So. 145; Wessell Plumbing Co. v. Norton, 3 La.App. 680; Succession of McLain, 141 La. 376, 75 So. 85; Chachere v. Moses, George & Sons, La.App., 165 So. 522; Allen v. Yantis, La.App., 190 So. 236; 49 Corpus Juris, page 278.
Furthermore, we must take the entire pleadings, and we see that the defendant specifically, in Article 6 of its answer to Article 6 of plaintiffs petition, denied that the plaintiff was engaged in the discharge of his duties when, the accident occurred and denied that the accident arose out of and in the course of the employment of the petitioner, which is a denial in no uncertain terms that the plaintiff “is entitled to recover for total permanent disability 65% of said amount or the sum of $15.21 for 400 weeks or a total sum of $6084.00.”
The expression found in the case of Moch v. Shreveport Rys. Co., La.App., 41 So.2d 741, 744, viz: “It. appears to us that the amount of recovery (in our case compensation at the rate of $15.21 per week for a period, of not exceeding 400 weeks) has been agreed upon and fixed by the parties, subject, of course, only to the proper establishment of liability of the défendant”, is applicable to the case at bar. All the allegations of facts well pleaded in both the petition and the answer must be taken as proven.
The allegations of fact contained in defendant's answer are not in any way inconsistent with an admission, even if defendant’s answer be so considered, of the amount to be recovered in the event of liability. Taking these allegations of fact to be true or proven as required by the Pleading and Practice Act, Act No. 157 of 1912, as amended, then there is no liability on behalf of defendant.
The motion for judgment on the face of the pleadings was properly denied by the learned judge of the District Court, and on the merits, aside from the admission of counsel for plaintiff that his demands were correctly denied, the evidence shows that the judgment of the District Court to the effect that: “It is clear that the plaintiff was not engaged in hazardous employment at the time of his injury, nor was such injury received in the course of his employment,” is eminently correct and is, therefore, affirmed.