McBRIDE, Judge.
This is a suit for specific performance.
On July 6, 1950, plaintiff offered to buy from defendant Lot 1, Square Q, Harahan, Jefferson Parish, measuring “as per title” for the sum of $450. The offer was addressed to Frank Jordano & Company, real estate agent, and Frank Jordano accepted the offer on behalf of defendant signing *517 the acceptance thus: “Hejo Realty Co., Inc., By Frank Jordano Agt.”
The petition alleges that in accordance with the terms and conditions of his purchase agreement, plaintiff has paid the entire purchase price to the vendor, but despite this and notwithstanding a formal placing in default, defendant has refused to make delivery of title.
Hejo Realty Co., Inc., in ’effect denied all averments of plaintiff’s petition. However, in answer to plaintiff’s first allegation, that the purchase agreement had been entered into by defendant “being represented by Frank Jordano, as agent,” defendant’s answer is that the purchase agreement “itself is the best proof of what is contained therein.”
The answer sets up that defendant is informed by Frank Jordano “who was and is acting as the collection agent for Hejo Realty Company, Inc., that the amount stipulated in the agreement” has not been paid.
After a trial on the merits, there was judgment in favor of defendant dismissing the suit. Plaintiff has prosecuted this appeal from the judgment.
The bulk of the evidence adduced at the trial of the case pertains to the question whether plaintiff had paid the full amount of the purchase price of $450 plus interest, and after carefully reading the record our conclusion is that the plaintiff did pay in full for the lot to Frank Jordano & Company, defendant’s collection agent, and that plaintiff holds receipts setting forth his payments. By reference to the receipt books, it is seen that plaintiff paid $50 down on the purchase price in accordance with his offer of purchase and that each month thereafter he paid Jordano $15 until September 27, 1952, at which point the balance remaining due amounted to $76.68. When plaintiff paid the September 27, 1952, installment, Frank Jordano, who is admitted to be one of the “principal officers” of defendant, took it upon himself to debit plaintiff’s account with $630.88, represented to be one-half the alleged purchase price of some lumber which Jordano maintains that he had sold and delivered some years before to plaintiff’s father. Although plaintiff continued making payment of the installments called for by his purchase agreement, Jordano credited such payments not to the price of the lot but against the amount which Jordano claims is due for lumber so that plaintiff’s receipt books at this time purportedly show a large amount still due to defendant.
The testimony bearing on the alleged lumber indebtedness shows that Jordano made a sale of certain lumber to plaintiff’s father and upon nonpayment of the price thereof, Jordano filed suit against the father and obtained a judgment for the amount due. However, Jordano was unsuccessful in realizing the amount of the judgment. He then took it upon himself to charge each of the two sons of the judgment debtor with one-half of the amount due for the lumber and this accounts for the large addition to plaintiff’s indebtedness.
■It does not appear that Jordano had any legal right to charge any of the father’s indebtedness to the plaintiff, and if the added indebtedness is eliminated, as it must be, it unmistakably appears from the receipts that plaintiff has paid the full amount of the purchase price of the lot in Harahan.
Defendant’s counsel claim, unquestionably as an afterthought, that the contract cannot be specifically performed, first, because plaintiff’s father signed plaintiff’s name to the contract, and, secondly, because there is no proof in the record going to show that Jordano had written authority to represent the defendant as its agent in the transaction.
There is no merit at all in either contention.
The fact that plaintiff’s name was signed by his father does not affect the validity of the contract nor does such fact militate against plaintiff’s right to have the *518 contract specifically performed. Plaintiff freely admitted from the witness stand that his father signed for him, but he went on to say that he was present and that his father had full authority to represent him in the matter. Furthermore, even if such judicial proof did not appear, the filing of the suit by plaintiff to specifically enforce the agreement would constitute a full and complete ratification of the acts of plaintiff’s father as plaintiff’s agent.
 True, no written proof was introduced to the effect that Jordano was authorized to accept plaintiff’s purchase offer on behalf of defendant, but we believe the pleadings dispensed with the necessity of plaintiff’s producing such proof. Defendant failed to either admit or deny plaintiff’s allegation that the defendant company was represented by Frank Jordano as its agent.
LSA-R.S. 13:3601 in part reads:
“(2) The defendant, in his answers, shall either admit or deny specifically each material allegation or fact contained in plaintiff’s petition; * *
Under this section the court is to regard all material facts alleged by plaintiff but not denied by defendant in answer as being-admitted. Hitt v. Herndon, 166 La. 497, 117 So. 568; Security Bank v. National Mut. Assur. Ass’n, 13 La.App. 303, 126 So. 591, rehearing denied 13 La.App. 308, 128 So. 314; Whipple v. Lirette, 11 La.App. 485, 124 So. 160; Wessell Plumbing Company, Inc., v. Norton, 3 La.App. 680; Blattman-Weeser Sheet Metal Works, Inc., v. Harris, 1 La.App. 507; Robinson-Slagle Lumber Co., Ltd. v. Waterman, 1 La.App. 309.
In Wittenberg v. Rogan, Orleans No. 8603, unreported (see Louisiana Digest), we held that the allegation of a married woman that she is authorized by her husband would be taken as true unless specially denied by defendant.
Moreover, if defendant intended to use as a defense the contention that Jor-dano had not the authority to act for it, such defense under the law would have required that defendant make a special plea to that effect. The Supreme Court said in J. P. Barnett Co., Inc., v. Ludeau, 171 La. 21, 129 So. 655, 657:
“If these allegations of the petition are not true, and the officer assuming to contract for his corporation was without power to do so, the defense is a special one, which must be determined on the merits under a special plea to that effect.”
We know of no reason whatever why plaintiff is not entitled to the delivery of the property which he agreed to purchase and which he has paid for.
Therefore, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff and against defendant ordering the latter to specifically perform the agreement dated July 6-7, 1950, and to transfer to plaintiff by formal act of sale for a stated consideration of $450 cash paid, within thirty days from the finality of this decree, Lot 1 of Square Q, Hara-han, Jefferson Parish, measuring- as per title.
It is further ordered, adjudged and decreed that in the event the defendant does not execute the formal act of sale above ordered within the delay hereinabove fixed, that, then plaintiff be and he is hereby recognized as the owner of the hereinabove described property upon registry of this decree upon the Conveyance Books for the Parish of Jefferson.
Defendant is cast for all costs.
Reversed.