LOTTINGER, Judge.
This is a suit under the Workmen’s Compensation Act of the State of Louisiana, LSA-R.S. 23:1021 et seq., wherein petitioner claims total and permanent disability. The action is brought by Phillip A. Parker against The Aetna Casualty & Surety Company, the workmen’s compensation carrier for Slidell Motor Company, Inc. The lower court awarded judgment in favor of defendant and dismissed the suit. Petitioner has appealed.
The record shows that Parker was assisting an employee of Slidell Motor Company in the removal of wheels from a truck or trailer which had been damaged. Petitioner claims that one of the wheels upon which they were working slipped from its mooring and pinned petitioner’s right hand against the body of the vehicle. He further claims that at the time of the alleged accident, on September 8, 1956 he was employed by said Slidell Motor Company, and was working within the course and scope of his employment.
The defendant filed an answer which was in the form of a general denial. Defendant claims that petitioner was not an employee of Slidell Motor Company, but was an independent contractor. In the alternative, defendant claims that petitioner was a partner of Slidell Motor Company. Defendant further claims that no accident occurred at the time alleged in the petition, and that petitioner is not presently totally and permanently disabled.
The lower court found that the petitioner did not receive an accidental injury as alleged while working for Slidell Motor Company. The lower court found that the injury to petitioner’s hand quite possibly could have occurred during an argument between petitioner and his wife during the course of which petitioner hit the wall of his home causing his hand to go completely through the said wall. The lower court concluded that petitioner failed to sustain his burden of proof and rendered judgment in favor of defendant. Petitioner has appealed.
There is a contention by the petitioner herein that the defendant has judicially admitted the occurrence of the accidental injury to petitioner while working with Slidell Motor Company. In order to determine whether there was such judicial admission we must refer to the petition and the answer. Article 5 of petitioner’s petition provides as follows:
“On September 8, 1956 while engaged in his occupation, as aforesaid, and while attempting to adjust a tire on a large truck, the tire fell forcing his right hand against the body of the truck resulting in a fracture of the 5th metacarpal at the distal portion with laceration at the wrist and base of the thumb. A small fragment of steel was impacted into the dorsal aspect of the third finger. His hand was placed in a cast and after several weeks the finger was placed in the palm of the hand in accute flexion and a new cast reapplied. Following this, the *344 hand became stiff and sore, particularly the 4th and 5th fingers so that he was unable to use his hand at work, with inability to close the 4th and 5th fingers of the right hand (which he uses almost entirely) in the full grasping power.”
In reply to Article 5 of the petition, Article 5 of the answer filed by defendant reads as follows:
“That the defendant denies the allegations of Article 5 of the plaintiff’s petition.”
Further answering the petition, the defendant in Articles 12, 13 and 14 provided as follows:
“12. That, at the time of the accident and injury complained of, the plaintiff was not an employee of the Slidell Motor Company, Incorporated, as contemplated by [LSA-]R.S. 23:-1021 et seq., but on the contrary, was an independent contractor insofar as concerned the work done by the plaintiff for and on behalf of Slidell Motor Company, Incorporated.
“13. That the injury suffered by the plaintiff did not arise out of the course of his employment in the scope of his employer’s business, but, on the contrary, arose in the course and scope of his own occupation as an independent contractor.
“14. And now, in the alternative, and only in the alternative that this Honorable Court should find that plaintiff was not an independent contractor, then, and only in that alternative, defendant respectfully avers that plaintiff, at the time of the aforesaid accident and resulting injury, was acting as a co-partner in a partnership existing between the plaintiff and Slidell Motor Company, Incorporated, and as such, was not an employee within the purview of [LSA-jR.S. 23:1021 et seq.”
Now petitioner contends that by virtue of Articles 12, 13 and 14 of the answer the defendant did judicially admit the occurrence of the accident as was alleged in paragraph 5 of the petition.
However, Articles 12, 13 and 14 of the answer are not in reply to any specific article of the petition, as the petition only contained eleven articles. The purpose of said Articles 12, 13 and 14 was to show that petitioner was not employed by Slidell Motor Company at the time of the alleged accident. It is clear from the provisions of Article 5 of the answer, that the occurrence of the accident as alleged by petitioner is specifically denied by the defendant. In Toussaint v. American Mutual Liability Insurance Co., La.App., 46 So.2d 506, we stated that the entire pleadings must be taken into consideration in order to determine whether a fact is admitted or denied. We believe that the situation now presented comes within the doctrine of the Toussaint case, and find that the answer as filed by the defendant does not admit the occurrence of the accident during the course of petitioner’s employment, and as alleged by petitioner. It is, therefore, our opinion that the claim of judicial admission by petitioner must fail.
As to the merits of the case, petitioner claims that he was injured while assisting a fellow employee in the removal of wheels from a truck. The fellow employee, Mr. Mixon testified that the petitioner did assist him for a period of about five minutes in the removal of wheels from a truck on the date alleged, however, Mr. Mixon testified that there was no accident which occurred to his knowledge, nor did he recall petitioner having been injured while assisting him. The only evidence to the effect that petitioner was injured as alleged was his own testimony, as well as that of his young son, who claims that he happened to be passing the garage at the time and heard his father cursing. Surely if Mr. Mixon, who was right beside the petitioner, did not know about the accident, the young boy who was *345 some distance away did not have any knowledge of the accident.
The evidence shows that on the day following the alleged accident, petitioner engaged in an argument with his wife while in a state of intoxication. During the course of this argument, he swung his hand against the wall with such force as to knock a hole through the wall which was constructed of sheetrock of three-eighth inch in thickness. Pictures of the hole in the wall have been filed in evidence. Although petitioner contends that he hit the wall with his left hand, his estranged wife testified that he hit the wall with his right hand. Furthermore, the medical testimony is to the effect that petitioner had fractured his little finger of his right hand. The doctor testified that such an injury would cause pain immediately. Petitioner testified that his finger did not pain him until the day following the alleged accident, and at a time incidentally which was after he had put his hand through the wall.
Considering all of' these facts the lower court concluded that the petitioner failed to prove the accident as alleged, and we concur in these findings of the lower court. Because of our findings on this score, it is unnecessary for us to determine whether petitioner was an employee, an independent contractor or a partner of Slidell Motor Company.
For the reasons hereinabove assigned, the judgment of the lower court will be affirmed, all cost of this appeal to be paid by petitioner.
Judgment affirmed.